UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>    Plaintiff,<br><br> v.<br><br>MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, JAMES ERVIN, DAVID ESTUDILLO, MARSHALL FERGUSON, MICHAEL FOX, COREY FOY, AMY FRANKLIN-BIHARY, WILLIAM GATES, III, STEVEN GONZALEZ, TYLER GOSLIN, WILLIE GREGORY, OWEN HERMSEN, JAY INSLEE, DAVID KEENAN, GABREL LADD, DANEIL LENTZ, MAGALIE LERMAN, MARY LYNCH, SARAH MACDONALD, ANTHONY MARINELLA, RICHARDO MARTINEZ, BRADLEY MOORE, KATRINA OUTLAND, JESSICA OWEN, PCC NATURAL MARKETS, KYLE REKOFKE, STEVEN ROSEN, BLAIR RUSS, UMAIR SHAH, SPROUTS FARMERS MARKET, MICHAEL THURSTON, JARED WALLACE, and SANDRA WIDLAN,<br><br>    Defendants. | CASE NO. 2:23-cv-1392<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER |

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER - 1

Plaintiff Kurt Benshoof, proceeding pro se and *in forma pauperis*, filed a Section 1983 civil rights complaint on September 19, 2023. Dkt. No. 9. Benshoof sues 42 Defendants and pleads 46 causes of action in his 280-page complaint. *Id.* In less than a week's time, Benshoof has moved for three temporary restraining orders (TROs). Dkt. Nos. 16, 20, 23. In each motion, he seeks to enjoin the City of Seattle from arresting or imprisoning him on a bench warrant issued by the Municipal Court of Seattle, which stems from three on-going criminal cases. *See id.* Because the doctrine of *Younger* abstention bars the Court from deciding Benshoof's claims, and because he is unlikely to succeed on the merits in any event, the Court DENIES Benshoof's TRO motions.

## 1. BACKGROUND

The Court granted Benshoof leave to proceed *in forma pauperis,* but it has not issued summonses yet, so Benshoof has not served Defendants with process. *See* Dkt. 8. Benshoof moved for three temporary restraining orders on successive days between October 2-4, 2023. Dkt. Nos. 16, 20, 23. The City opposed each motion. Dkt. Nos. 21, 24, 26. The Court discusses the circumstances behind each TRO motion below.

### 1.1. Benshoof's first TRO.

On October 2, 2023, Benshoof filed his first TRO motion. Dkt. No. 16. In it, he alleges he will be unlawfully imprisoned by the City based on a bench warranted issued by the Seattle Municipal Court in his pending criminal Case No. 656749. *Id.* at 1. Benshoof attached a copy of the docket from his municipal court case to his

motion, showing that he is representing himself pro se and failed to appear for a sentencing hearing on September 28, 2023, which prompted the municipal court to issue a bench warrant that same day. Dkt. No. 16-3 at 1, 12.

Benshoof describes the underlying charges and criminal proceeding like this:

Beginning in August 2020, Benshoof refused to wear a mask while shopping at PCC Community Markets because of his "firmly held religious beliefs" and "invisible disability." Dkt. No. 16 at 2. In October 2020, PCC cashiers denied Benshoof checkout services because he was not wearing a mask, so he left payment for his groceries inside the store, but away from the checkout stand. *Id.* at 3. PCC then accused Benshoof of shoplifting. *Id.* The City filed charges against Benshoof for criminal trespass and theft and a trial was eventually held. Dkt. No. 16-3 at 1, 6–8.

During his trial, Benshoof alleges the judge refused to "show the jury video of [him] leaving payment for his groceries out of view of the checkout security camera," and the prosecutor "knowingly and willfully deceived the jury to believe that [Benshoof] did not leave payment for his groceries." Dkt. No. 9 at 142, ¶¶ 1046–1047. Benshoof further argues the "City judges, prosecutors, and police officers have knowingly and willfully conspired with PCC employees against [him] for the exercise of [his] rights protected by the First Amendment" and to deny "equal access to shop at PCC[.]" Dkt. No. 16 at 8. Benshoof contends these actions amount to a malicious prosecution by the City. *Id.*

On September 23, 2021, the municipal court entered guilty findings on the two charges against Benshoof. Dkt. No. 16-3 at 8–9.

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER - 3

Back to the TRO; Benshoof alleges that absent an order restraining the Seattle Police Department (SPD) from arresting him under the bench warrant, he will be unable to "call 911 to make any future victim witness complaint[s] without facing immediate unlawful imprisonment[,]" and he will suffer a "loss of First Amendment rights[.]" Dkt. No. 16 at 10–11. Additionally, Benshoof claims he "has been living under threat of immediate unlawful arrest every day for months. This retaliation must stop immediately, lest another one of the poorly trained SPD officers who has drawn, or may draw, a loaded firearm at [Benshoof] pulls the trigger." *Id.* at 16.

Benshoof argues he will prevail on the merits because he "is entirely innocent of any wrongdoing, and is in fact the victim, the only possible outcome is [his] eventual vindication of any wrongdoing and the vacatur of [the municipal court case judgment]." *Id.* at 15.

**1.2.    Benshoof's second TRO.**

On October 3, 2023, Benshoof moved for a second TRO. Dkt. No. 20. This motion concerns a separate municipal proceeding, Case No. 669329, in which the City charged Benshoof with violating a vulnerable adult protective order. *See id.* at 1; *City of Seattle v. Benshoof*, Case No. 669329 (Municipal Court of Seattle Nov. 8, 2022).[1] The matter is still pending although the warrant appears to have expired on

---

[1] Under Rule 201(b), the court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Taking judicial notice of publicly available information provided by a government

July 19, 2023. *City of Seattle v. Benshoof*, Case No. 669329 (Municipal Court of Seattle Aug. 15, 2022). When Benshoof failed to appear in person for a hearing, the judge issued a bench warrant on June 21, 2023. *See id.*

Based on Benshoof's allegations, the charge appears to relate to a conflict he had with Jessica Owen. *See generally* Dkt. No. 9 at 146–149. Benshoof and Owen have a child, A.R.W. *Id.* at 24 ¶ 30. They appear to dispute the custody arrangement for A.R.W. *See id.* at 205 ¶¶ 1496–99. Benshoof alleges the judge presiding over his municipal court case disregarded his argument that the court lacked jurisdiction. *Id.* at 147 ¶¶ 1094–96.

Benshoof argues a TRO is necessary to prevent irreparable harm. Dkt. No. 20 at 18. He generally lists the same harms identified in his first TRO motion: "the fact that [he] cannot call 911 to make any future victim witness complaint without facing immediate unlawful imprisonment" and that these retaliatory prosecutions cause a loss of First Amendment rights. *Id.*; *see also* Dkt. No. 16 at 10. Like the first TRO motion, Benshoof argues he will prevail on the merits because he "is entirely innocent of any wrongdoing, and is in fact the victim," leading the Court to dismiss

---

agency meets the requirements for judicial notice under the Rules. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (holding that facts contained in public records are considered appropriate subjects of judicial notice). Therefore, the Court takes judicial notice of the municipal court docket in *City of Seattle v. Benshoof*, Case No. 669329 (Municipal Court of Seattle Nov. 8, 2022) and *City of Seattle v. Benshoof*, Case No. 671384 (Municipal Court Mar. 14, 2023) (available at http://web.seattle.gov/SMC/ECFPortal/default.aspx).

his underlying municipal proceeding, Case No. 669329. Dkt. No. 20 at 21; *see also* Dkt. No. 16 at 15.

**1.3. Benshoof's third TRO.**

On October 4, 2023, Benshoof moved for another TRO, even though his arguments largely mirror those found in his second TRO motion. *Compare* Dkt. No. 20 *and* Dkt. No. 23. In this motion, Benshoof claims he is in danger of imminent arrest because of a bench warrant issued in municipal Case No. 671384. Dkt. No. 23 at 1. The City brings 89 charges; two stalking charges, a custodial interference charge, and 86 charges of violating a vulnerable adult protection order. *See City of Seattle v. Benshoof*, Case No. 671384 (Municipal Court of Seattle Mar. 14, 2023). The disposition is pending, and Benshoof has again failed to appear. *Id.* Benshoof makes the same jurisdictional arguments found in his second TRO motion and repeats the same arguments about irreparable harm and likelihood of success on the merits. *See* Dkt. Nos. 20 at 18–19, 21; 23 at 19–20, 22.

## 2.   DISCUSSION

**2.1. Legal standard for temporary restraining orders.**

In this District, TRO motions that do not meet the ex parte requirements must be served on the opposing party and "include a certificate of service[.]" LCR 65(b)(1). Formal service of process need not occur before moving for a TRO, so long as the adverse party has actual notice of the TRO motion. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012); *Glasser v. Blixseth*, No. C14-1576 RAJ, 2014 WL 12514894, at *1 (W.D. Wash. Nov. 14, 2014). Once notified of the TRO, "the adverse party must (1) file a notice indicating

whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." LCR 65(b)(5).

If "notice of a motion for a temporary restraining order is given to the adverse party, the same legal standard as a motion for a preliminary injunction applies." *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-06071, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017). In evaluating the merits of a motion for a temporary restraining order, courts consider the (1) likelihood of success on the merits; (2) irreparably injury to the moving party; (3) any substantial injury to other interested parties; and (4) public interest. *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017). The first factor—likely success on the merits—is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). If the moving party does not show likelihood of success on the merits, the court need not consider the other three factors. *Id.* (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir.2013)).

**2.2. Benshoof fails to establish he is likely to succeed on the merits of any of his TRO motions.**

Benshoof notified the City that he would be seeking temporary restraining orders by sending copies of his motions to its legal service email address. Dkt. Nos. 16 at 18; 20 at 24; 23 at 25. The City appeared and responded to Benshoof's TRO

motions. Dkt. Nos. 17, 18, 21, 24, 26. The City argues Benshoof's claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. No. 21 at 2.[2] The Court agrees.

From Benshoof's arguments, it is doubtful the causes of action asserted entitle him to the relief he seeks. It appears the allegations above relate to Benshoof's Section 1983 claims that the City violated his First, Eighth, and Fourteenth Amendment rights and engaged in a malicious prosecution. He alleges the charges violated his First Amendment rights because he had religious reasons for not wearing a mask, and that the municipal court set unreasonable bail and warrants in violation of the Eighth Amendment. Dkt. No. 9 at 188 ¶ 1383, 189 ¶ 1391; *see generally* 201–02. He also alleges his due process rights were violated because he could not present an exculpatory video to the jury. *Id.* at 208 ¶ 1519.

Because Benshoof seeks relief related to an ongoing criminal proceeding in municipal court, his claims will likely be barred by *Younger* abstention. Federal courts will not interfere were "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practice effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758

---

[2] The City also argues Benshoof's claims cannot proceed under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Dkt. No. 21 at 2. Because it appears municipal court Case Nos. 656749, 669329, and 671384 remain ongoing, the Court applies the *Younger* abstention doctrine and finds it unnecessary to also analyze the motions under *Heck*.

ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER - 8

(9th Cir. 2014)). Where there is bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, *Younger* does not apply. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

Here, there are multiple ongoing proceedings in municipal court in which Benshoof has failed to appear. The proceedings implicate local interests because the charges concern the City's ability to enforce local trespass and theft laws, as well as uphold its protective orders. Further, Benshoof does not allege the municipal court forum prevented him from raising his constitutional and jurisdictional claims. The requested relief would effectively disrupt and invalidate the municipal court proceedings given that Benshoof asks the Court to enjoin enforcement of another court's warrants.

Finally, Benshoof fails to establish bad faith, harassment, or extraordinary circumstances that would justify the Court setting aside abstention under *Younger*. As the City points out, Benshoof does not show harms beyond those "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 47 (citation omitted). Because federal abstention is almost certain, Benshoof fails to show likelihood of success on the merits and therefore does not meet the requirements for a temporary restraining order.

**2.3.  The Court will issue summonses if it finds Benshoof has stated a plausible claim for relief after completing its review of Benshoof's complaint under 28 U.S.C. § 1915(e)(2).**

When a litigant proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)–(iii). As stated above, Benshoof's complaint is 280 pages long, and alleges 46 causes of action against 42 defendants. Dkt. No. 9. Benshoof also filed 2,034 pages of "Exhibits." Dkt. Nos. 13-1, 13-2, 13-3, 13-4. Given the length and number of claims, the Court has not yet completed its review under 28 U.S.C. § 1915(e)(2)(i)–(iii). Once completed, the Court will issue summonses, or dismiss all or part of Benshoof's complaint with or without leave to amend.

In addition, Benshoof filed two "Emergency Motion[s] for Preliminary Injunction" under Fed. R. Civ. P. 65(a). Dkt. Nos. 14, 15. Benshoof noted his motions for the same day he filed them. But under LCR 7(d)(3), motions seeking a preliminary injunction are noted "no earlier than the fourth Friday after filing and service of the motion." Thus, the Court revises the noting dates for Dkt. Nos. 14 and 15 to October 13, 2023.

## CONCLUSION

Accordingly, the Court DENIES Benshoof's motions for a temporary restraining order. Dkt. Nos. 16, 20, 23. The Clerk is directed to change the noting dates for Dkt. Nos. 14 and 15 to October 13, 2023.

Dated this 6th day of October, 2023.

Jamal N. Whitehead
United States District Judge