UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>                    Plaintiff,<br><br>     v.<br><br>MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK. BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, JAMES ERVIN, DAVID ESTUDILLO, MARSHALL FERGUSON, MICHAEL FOX, COREY FOY, AMY FRANKLIN-BIHARY, WILLIAM GATES, III, STEVEN GONZALEZ, TYLER GOSLIN, WILLIE GREGORY, OWEN HERMSEN, JAY INSLEE, DAVID KEENAN, GABRIEL LADD, DANIEL LENTZ, MAGALIE LERMAN, MARY LYNCH, SARAH MACDONALD, ANTHONY MARINELLA, RICHARDO MARTINEZ, BRADLEY MOORE, KATRINA OUTLAND, JESSICA OWEN, PCC NATURAL MARKETS, KYLE REKOFKE, STEVEN ROSEN, BLAIR RUSS, UMAIR SHAH, SPROUTS FARMERS MARKET, MICHAEL THURSTON, JARED WALLACE, and SANDRA WIDLAN,<br><br>                    Defendants. | CASE NO. 2:23-cv-1392<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND GRANTING LEAVE TO AMEND HIS COMPLAINT |

ORDER - 1

## 1. INTRODUCTION

This matter is before the Court on its own motion. Plaintiff Kurt Benshoof, proceeding pro se and in forma pauperis, filed a civil rights complaint on September 19, 2023, naming 42 Defendants and pleading over 40 causes of action. *See generally* Dkt. No. 9. As explained below, the Court ORDERS Benshoof to replead his claims to comply with Fed. R. Civ. P. 8. The Court also DENIES Benshoof's two separately pending "Emergency Petitions for Preliminary Injunction." Dkt. Nos. 14, 15.

## 2. BACKGROUND

**2.1     Factual allegations.**

Benshoof's complaint spans 280 pages, contains over 1,000 paragraphs in its statement of facts, and includes over 2,000 pages in attachments. *See* Dkt. Nos. 9, 13. It is hard to make out the exact nature of his conflict among all of the irrelevant, conclusory, and confusing details, but Benshoof appears to allege Defendants violated his due process rights during multiple legal proceedings in Seattle Municipal Court and King County Superior Court. Dkt. No. 9 at 204-216. These cases include King County Superior Court Case No. 21-5-00680-6, a parentage action between Jessica Owen and Benshoof. *See* Dkt. Nos. 9 at 81-82; 13-2 at 13-18.

Owen and Benshoof are the parents of A.R.W. Dkt. No. 13-2 at 15. Benshoof alleges Owen and her attorneys made false statements about him, which led to a restraining order. Dkt. Nos. 9 at 82; 13-2 at 2-6. Under the restraining order, Benshoof cannot contact A.R.W. and he "may only effect service of process [on

Owen], for any and all legal proceedings, through use of either <u>Pegasus Process Service</u> or <u>ABC Legal Services</u>." Dkt. No. 13-2 at 4 (emphasis in original).

Beyond allegations about his family law cases, Benshoof brings claims about the implementation and enforcement of COVID-19 mask mandates.

Benshoof states his beliefs in his complaint:

> The Breath of Life is sacred and shall not be restricted nor impeded . . . [and] [t]he human body is a vessel of the Divine. God designed and created human bodies with innate immune systems enriched from the mother's breast milk.

Dkt. No. 9 at 20.

Benshoof also alleges his "invisible disabilities" preclude him from wearing a mask. *Id.* at 23. Specifically, he "was sexually abused as a child by someone in a position of trust and authority; as such, demands by [D]efendants that [he] restrict his breathing or cover his face were perceived by [Benshoof] as particularly ***abusive*** and ***triggering***." *Id.* (emphasis in original). Benshoof alleges that being denied access to grocery stores and courts because of his refusal to wear a face mask violated his First Amendment right of religious expression and his rights guaranteed by the Americans with Disabilities Act. *See id.* at 188-191, 233-235.

**2.2    Benshoof's first emergency petition for a preliminary injunction.**

Benshoof asks the Court to bar the City and Seattle Police Department (SPD) officers from arresting and prosecuting him "under the family court Final Restraining Order for effecting service of process to 849 NE 130th ST [sic], Seattle, WA 98125 pursuant to Fed.R.Civ.P.4. [sic]." Dkt. Nos. 14 at 8; 14-1 at 2. According to Benshoof, Owen resides at the 849 NE 130th St. address. Dkt. No. 14 at 2.

Benshoof says both ABC Legal Services and Pegasus Process Service have refused to do business with him. *Id.*

**2.3   Benshoof's second emergency petition for a preliminary injunction.**

Benshoof seeks to enjoin the City and SPD officers from arresting and prosecuting him for charges levied in Seattle Municipal Court Case No. 656748. Dkt. No. 15 at 1. The municipal court docket shows Benshoof faces four charges of criminal trespass in the first degree, all of which are pending. *See City of Seattle v. Benshoof*, Case No. 656748 (Municipal Court of Seattle Nov. 13, 2020).[1] The matter is still pending although a warrant appears to have expired on August 29, 2023.

**2.4   Procedural history.**

Around a week after filing this lawsuit, Benshoof filed two "Emergency Petitions for Preliminary Injunction," and three motions for a temporary restraining order (TRO) on successive days between October 2-4, 2023. Dkt. Nos. 14, 15, 16, 20, 23. On October 6, 2023, the Court denied all three TRO motions. Dkt. No. 29.

In the past year, Benshoof has filed two other cases in this District that have raised similar issues about his family law disputes and objections to mask

---

[1] Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Taking judicial notice of publicly available information provided by a government agency meets the requirements for judicial notice under the Rules. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (holding facts contained in public records are considered appropriate subjects of judicial notice). Therefore, the Court takes judicial notice of the municipal court docket in *City of Seattle v. Benshoof*, Case No. 656748 (Municipal Court of Seattle Nov. 13, 2020) (available at http://web.seattle.gov/SMC/ECFPortal/default.aspx).

ORDER - 4

mandates. The court dismissed both actions. *See Benshoof v. Keenan, et al.,* No. 23-cv-751-RAJ, Dkt. No. 22 (W.D. Wash. Jun. 12, 2023); *Benshoof v. Fauci, et al.,* No. 22-cv-1281-LK, Dkt. Nos. 7 (W.D. Wash. Oct. 31, 2022).

### 3. DISCUSSION

**3.1  Legal standards.**

When a litigant proceeds in forma pauperis ("IFP"), "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)–(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citation omitted) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1122).

Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### 3.2 Benshoof's complaint is deficient.

Benshoof's complaint is sprawling. His causes of action are numbered within the complaint—46 in all—but they are not so clearly delineated as the enumeration would suggest. His claims can be roughly summarized as follows:

- Benshoof seeks declaratory judgment on 17 questions. *See* Dkt. No. 9 at 173-176 ("First Cause of Action").

- Benshoof pleads Constitutional violations, including several 42 U.S.C. § 1983 claims, *Bivens* claims, a denial of service under the 1964 Civil Rights Act, conspiracy under 42 U.S.C. § 1985(2)-(3) and 42 U.S.C. § 1986, and a related RICO action under 18 U.S.C. § 1962(c)-(d). *See id.* at 177-217, 218-268 (Benshoof's second through 22nd and 24th through 42nd causes of action).

- Benshoof seeks four preliminary injunctions, which he styles as his 43rd-46th causes of action. *See id.* at 268-277.

- Benshoof pleads two state-law claims: common law fraud and common law conspiracy. *See id.* at 220-224 (22nd and 23rd causes of action).

Some of these claims are deficient on their face. Others are impossible to understand as pled.

#### 3.2.1 The Court lacks jurisdiction over Benshoof's "First Cause of Action" for "Declaratory Judgment."

The Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking

ORDER - 6

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III," and "must also fulfill statutory jurisdictional prerequisites." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40 (1937); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950)). Because "[t]he Declaratory Judgment Act does not provide for its own subject matter jurisdiction," a plaintiff "must establish federal question jurisdiction or diversity jurisdiction before a district court can consider a request for declaratory judgment." *Fluke Corp. v. Ratner*, No. C07-1921-JPD, 2008 WL 11342997, at *2 n.2 (W.D. Wash. Apr. 18, 2008).

Benshoof asserts 17 questions that he labels "federal questions." But none of these questions are federal questions within the meaning of 28 U.S.C. § 1331. Nor does Benshoof allege diversity jurisdiction. Questions 1, 2, 3, 4, 6, 11, 12, 13, 16, and 17 ask the Court to interpret the Washington Constitution and Washington state statutes or court rules. *See* Dkt. No. 9 at ¶¶ 1281, 1282, 1283, 1284, 1286, 1291, 1292, 1293, 1296, 1297. Question 5 involves the jurisdiction of a family court, which is not a federal question. *See id.* ¶ 1285. Questions 8 and 14 relate to Benshoof's allegations against King County Superior Court Judge David Keenan and United States District Judge Richard Jones, however, the Court finds Benshoof's allegations against Judges Keenan and Jones are likely barred by absolute immunity so there is no live controversy between the parties. *See* Dkt. No. 9 at ¶¶ 1288, 1294; *see also infra* Section 3.2.3. Because the Court finds Benshoof's

allegations against William Gates to be deficient under Fed. R. Civ. P. 8(a), independent subject matter jurisdiction also does not exist for Questions 9 and 10, which ask the Court to decide whether Gates acted jointly with "state actors pursuant to 42 U.S.C. §§ 1983; 1985(2)(3)" and whether "the Bill and Melinda Gates Foundation is a 'person' under 18 U.S.C. § 1961(3) subject to 18 U.S.C. § 1962(d)." *See* Dkt. No. 9 at ¶¶ 1289, 1290; *see also infra* Section 3.3. Questions 7 and 15 are merely hypothetical. Question 7 asks whether a child can consent to receiving a COVID-19 vaccine and Question 15 asks whether the Ninth Circuit can "adjudicate Plaintiff's claims under 42 U.S.C. § 1983 when the facts evidence a prima facie case that judges of the U.S. District Court for the Western District of Washington acted, individually and in concert, to allow, enable, facilitate, or perpetrate violations of constitutional prohibitions?" *See* Dkt. No. 9 at ¶¶ 1287, 1295. These questions aren't tied to any live claim raised in this suit.

Accordingly, Benshoof does not meet the Declaratory Judgment Act's requirements, and he thus fails to state a claim for declaratory relief.

### 3.2.2 Benshoof's Section 1983 claims against private persons fail as a matter of law.

To state a Section 1983 claim, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). As for the first element, a defendant acts under the color of state law where they "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state.'" *West v.*

*Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law unless they conspire with state officials to deprive others of constitutional rights. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law"); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Conclusory allegations, however, are not enough to state a claim of conspiracy. *Simmons*, 318 F.3d at 1161 (finding a plaintiff's "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process . . . insufficient.").

Benshoof brings Section 1983 claims against Owen, her current partner, Lerman, and her friend, Hermsen, alleging they conspired to deny Benshoof his parental rights and extort him for the value of his FJ Cruiser. Dkt. No. 9 at ¶¶ 416–418. Owen, Lerman, and Hermsen are private individuals and Benshoof alleges nothing beyond private action and conclusory claims of conspiracy with the municipal court and police officers. Therefore, Benshoof cannot maintain Section 1983 claims against Owen, Lerman, and Hermsen.

Benshoof's claims against Brier, Cliber, Franklin-Bihary, Marinella, Rekofke, and Russ, who are all private attorneys, similarly fail. *See Simmons*, 318 F.3d at 1161 (holding plaintiff could not sue counsel under § 1983 because he was a "lawyer in private practice who was not acting under color of state law" and conclusory conspiracy allegations were insufficient).

ORDER - 9

### 3.2.3 Benshoof's claims against immune parties also fail as a matter of law.

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts[.]" *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Indeed, a judge retains absolute immunity even when the judge erroneously interprets jurisdiction. *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (upholding immunity where a judge "acted in excess of his jurisdiction" but did "not act in clear absence of all jurisdiction."). Benshoof alleges several municipal and superior court judges acted without personal jurisdiction over him and further alleges he "did not consent to family court adjudicating his family affairs." *See* Dkt. No. 9 at 81, 146, 154. Even taking his allegations as true, Benshoof does not establish that any judges acted in clear absence of all jurisdiction. Thus, Benshoof's Section 1983 claims against Seattle Municipal Court judges and King County Superior Court judges all fail. Similarly, to the extent Benshoof alleges a *Bivens* claim against United States District Judge Richard Jones for his decisions in a prior habeas case, judicial immunity also blocks this claim. *See* Dkt. No. 9 at 172-173.

Benshoof sues United States District Judges David Estudillo and Ricardo Martinez, Washington State Supreme Court Chief Justice Steven González, and Seattle Municipal Court Judge Willie Gregory for issuing mask mandates in their courthouses. "Administrative decisions, even though they may be essential to the very functioning of the courts," are not within the scope of judicial immunity. *Forrester v. White*, 484 U.S. 219, 228–30 (1988). Even if the Court assumes without

deciding that these claims relate to administrative decisions for which judges are not immune, Benshoof's claims are moot. Benshoof has not alleged these mandates remain active or that he has suffered some actual harm. As a result, he lacks standing to bring a moot or hypothetical claim. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("No concrete harm, no standing.").

Benshoof's Section 1983 claims against MacDonald and Outland are also barred by prosecutorial immunity. Prosecutors are absolutely immune from Section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In other words, a "prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). "[T]he functional nature of the activities being performed, not the status of the person performing them, is the key to whether absolute immunity attaches." *Stapley v. Pestalozzi*, 733 F.3d 804, 810 (9th Cir. 2013).

Benshoof alleges City of Seattle Prosecutor MacDonald provided the court with insufficient evidence, engaged in ex parte communications with the judge during his court proceedings, failed to provide exculpatory evidence, and deceived the jury. Dkt. No. 9 at ¶¶ 954, 960, 995-997, 999, 1031-1034, 1047-1048. Benshoof alleges City of Seattle Prosecutor Outland failed to provide the Seattle Municipal Court evidence of proof of personal service or proof that Benshoof violated the law. Dkt. No. 9 at ¶¶ 1151-1155. The alleged conduct by MacDonald and Outland falls within the traditional function of an advocate, therefore, immunity precludes Benshoof's Section 1983 claims.

### 3.3 Benshoof's complaint violates Rule 8(a), so the Court orders him to replead his claims in compliance with the Civil Rules.

Benshoof alleges more—he alleges Section 1983 claims against SPD Officers Auderer, Coomer, Foy, Ladd, Lentz, and Wallace, Jane Adams Middle School Vice Principal Booker, Durken, Inslee, and Shah; he also alleges claims under Title II of the Civil Rights Act, 42 U.S.C. § 1985(2)-(3), 42 U.S.C. § 1986, and 18 U.S.C. § 1962(d). But the "prolixity," argumentativeness, redundancy, and often plain confusing nature of Benshoof's complaint makes it difficult to discern what the circumstances were that supposedly give rise to these claims. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (upholding district court's dismissal of complaint without leave to amend because plaintiff violated Rule 8; explaining, "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.").

Rather than straightforwardly stating his claims and allegations, as required by Rule 8, Benshoof saddles the Court and Defendants with a nearly 300-page complaint and 2,000 pages of exhibits. A complaint so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Rule 8. *Herns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1996)).

Instead of dismissal, however, the Court orders Benshoof to replead his claims. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) ("[T]he district court was entirely justified in holding that the complaint did not comply with Rule 8(a), and in

ordering [the plaintiff] to replead."); *see also Johnson Enter. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998) ("District courts have the inherent authority to demand repleader *sua sponte*.")

Any amended complaint must address—if possible—the deficiencies identified above and comply with Fed. R. Civ. P. 8 by providing a short plain statement of each of Benshoof's claims. For example, statements identifying (1) the right violated, (2) the name of the defendant who violated that right, (3) the specific, wrongful acts of the defendant, and (4) the resulting injuries, would suffice. It may be necessary to repeat this process for each named defendant.

### 3.4   Benshoof is not entitled to the injunctive relief sought in his separately pending motions.

Rather than leaving the question open during the pendency of an amended complaint, the Court addresses Benshoof's separately pending motions for injunctive relief. Dkt. Nos. 14, 15.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must establish four elements: (1) they are "likely to succeed on the merits," (2) they will likely "suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.* at 20.

In his first motion, Benshoof asks the Court to exempt him from a restraining order issued by King County Superior Court Judge David Keenan that bars

Benshoof from serving Owen except with process completed by Pegasus Process Service or ABC Legal Services.[2] *See* Dkt. Nos. 13-2 at 4; 14. The restraining order originated from a parentage action, Case No. 21-5-00680-6. This matter is beyond the Court's subject matter jurisdiction, however, because the subject of Benshoof's request and the relief sought are inextricably linked to his family law case. "It is well-settled that federal district courts have no jurisdiction over child custody issues, which are exclusively matters of state law." *Benshoof v. Keenan*, No. C23-751-RAJ, 2023 WL 4142956, at *1 (W.D. Wash. June 12, 2023) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702–04) (1992) (affirming the domestic relations exception "divests the federal courts of power to issue divorce, alimony[,] and child custody decrees."). Because this Court likely lacks jurisdiction to grant the relief Benshoof seeks, he fails to establish he is likely to succeed on the merits and the Court DENIES his first motion for a preliminary injunction.

This is not the first time Benshoof has sought federal injunctive relief related to his child custody issues. *See Benshoof*, No. C23-751-RAJ, 2023 WL 4142956, at *1. In denying Benshoof's motion for a temporary restraining order and dismissing his complaint, the Honorable Richard A. Jones cautioned Benshoof that "federal

---

[2] At one point in his motion, Benshoof argues due process requires that he be able to effect service of process through the U.S. Marshals. Dkt. No. 14 at 4. He further argues that the Court should enjoin the City of Seattle from detaining, arresting, imprisoning, or prosecuting the U.S. Marshals from serving process on Owen in this case. *Id.* at 1. The Court does not decide, at this time, whether the restraining order issued by Judge Keenan would allow service of process by the U.S. Marshals because Benshoof has yet to plead a claim against Owen. As the Court explained, Benshoof's Section 1983 claims against Owen fail because they involve only private action and, regardless, Benshoof must amend his complaint to comply with Fed. R. Civ. P. 8(a) before the Court will issue summonses.

courts are not courts of appeal from state decisions." *Id*. The Court reiterates this caution, as a pattern of unmeritorious litigation may lead to a bar order limiting Benshoof's ability to bring suit.

In his second motion, Benshoof asks the Court to enjoin the SPD from enforcing a bench warrant issued in the ongoing Seattle Municipal Court Case No. 656748. Dkt. No. 15. Federal courts will not interfere where "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practice effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks omitted) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Here, the proceedings implicate local interests because the charges concern the City's ability to enforce local trespass laws. Benshoof does not allege the municipal court forum prevented him from raising his constitutional and jurisdictional claims. The requested relief would effectively disrupt and invalidate the municipal court proceedings even though Benshoof has not established bad faith, harassment, or extraordinary circumstances that would justify the Court setting aside abstention under the *Younger* abstention doctrine. Thus, Benshoof fails to show likelihood of success on the merits and the Court DENIES Benshoof's second motion for a preliminary injunction.

## 4. CONCLUSION

In sum, the Court orders as follows:

- The Court ORDERS Benshoof to file an amended complaint within 21 days of the date of this order that provides a short, plain, and concise statement of the factual basis for each of the claims as required by Fed. R. Civ. P. 8.

- The amended complaint will operate as a complete substitute for Benshoof's original pleading. Thus, any amended complaint must not cross-reference the original complaint, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, and the specific relief requested.

- Failure to file a proper amended complaint within 21 days of the date of this order will result in dismissal of this action without prejudice.

- The Court DENIES Benshoof's emergency petitions for a preliminary injunction. Dkt. Nos. 14, 15.

Dated this 31st day of October, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 16