UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, | CASE NO. 2:23-cv-1392 |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND TRANSFER OF VENUE |
| v. | |
| MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, JAMES ERVIN, DAVID ESTUDILLO, MARSHALL FERGUSON, MICHAEL FOX, COREY FOY, AMY FRANKLIN-BIHARY, WILLIAM GATES, III, STEVEN GONZALEZ, TYLER GOSLIN, WILLIE GREGORY, OWEN HERMSEN, JAY INSLEE, DAVID KEENAN, GABRIEL LADD, DANIEL LENTZ, MAGALIE LERMAN, MARY LYNCH, SARAH MACDONALD, ANTHONY MARINELLA, RICARDO MARTINEZ, BRADLEY MOORE, KATRINA OUTLAND, JESSICA OWEN, PCC NATURAL MARKETS, KYLE REKOFKE, STEVEN ROSEN, BLAIR RUSS, UMAIR SHAH, SPROUTS FARMERS MARKET, MICHAEL THURSTON, JARED WALLACE, and SANDRA WIDLAN, | |

ORDER - 1

Defendants.

# 1. INTRODUCTION

Plaintiff Kurt Benshoof requests that this Court recuse itself from this matter, citing 28 U.S.C. § 455(a)(b)(1). Dkt. No. 39 at 1. Because the Court's impartiality cannot be reasonably questioned, the Court DENIES Benshoof's motion to voluntarily recuse, and REFERS the matter to United States District Judge Tana Lin for review under Local Civil Rule 3(f).

# 2. BACKGROUND

Benshoof argues for "disqualification" based on "mental incompetence" and "biases or prejudices against [his] free exercise of his religious beliefs[.]" Dkt. No. 39 at 4-5. Benshoof argues the Court demonstrated incompetence and bias when it denied his motion for a preliminary injunction and "knowingly and willfully disregarded the clear holding of *Hamm v. City of Rock Hill*, 379 U.S. 306 (1964)[.]" *Id.* at 2, 4. Benshoof moves for "immediate disqualification" and "if there is no judge within the U.S. District Court for the Western District of Washington who is not infected with the woke mind virus," he requests that his case be transferred to the U.S. District Court for the Eastern District of Washington. *Id.* at 5.

# 3. DISCUSSION

**3.1 The Court denies Benshoof's motion for recusal.**

If a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themselves in any proceeding

in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, recusal is required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

"If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f). "If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority." *Id.*

Here, Benshoof is dissatisfied with the Court's Order denying his motions for preliminary injunction and granting leave to amend his complaint. *See* Dkt. No. 38. But Benshoof merely offers conclusory statements and fails otherwise to show actual grounds for incompetence or personal bias. The Court finds no basis for recusal as no reasonable person could question this Court's impartiality. Thus, the undersigned will not recuse himself voluntarily from this case.

ORDER - 3

Ordinarily, the Court would refer this matter to the chief judge, but Chief Judge David G. Estudillo is Defendant in this matter. Accordingly, the Court refers this matter to the active judge with the highest seniority, United States District Judge Tana Lin.

**3.2   The Court denies Benshoof's motion to transfer.**

Generally, there are two distinct grounds for changing venue. Courts may transfer a case if the plaintiff filed it in an improper venue. 28 U.S.C. § 1406(a). Alternatively, transfer may occur in the interest of justice where the chosen venue is inconvenient to the parties and witnesses. 28 U.S.C. § 1404(a). "[T]he transferee court must be a proper venue and must have personal jurisdiction over the defendant." 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3845 (4th ed. 2023). *See also* 28 U.S.C. § 1404(a) (permitting transfer of an action to another district "where it might have been brought."); 28 U.S.C. § 1406(a) (permitting transfer to any district "in which it could have been brought.").

Benshoof does not object to the Western District of Washington as an improper venue nor does he claim it inconveniences the parties. Instead, he appears to express dissatisfaction with the venue based on perceived bias—specifically, rejecting any judge who has been "infected with the woke mind virus[.]" Dkt. No. 39 at 5. Moreover, Benshoof does not show the Eastern District of Washington would be a proper venue for this action. Therefore, the Court DENIES Benshoof's request to transfer.

ORDER - 4

## 4. CONCLUSION

Accordingly, the undersigned DECLINES to recuse voluntarily. Benshoof's motion to recuse, Dkt. No. 39, is REFERRED to United States District Judge Tana Lin for decision. The Court also DENIES Benshoof's motion to transfer venue.

Dated this 3rd day of November, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 5