1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11   KURT BENSHOOF,                        CASE NO. 2:23-cv-01392-JNW

12                        Plaintiff,       ORDER ON MOTION FOR RECUSAL
            v.
13
     MOSHE ADMON et al.,
14
                         Defendants.
15

16

17        This is a *pro se* civil rights action against numerous defendants. This matter is before the

18   Court on Plaintiff Kurt Benshoof's Motion for Disqualification of Judge Jamal Whitehead (Dkt.

19   No. 39) after an order of referral by Judge Whitehead (Dkt. No. 40). Having reviewed the

20   relevant record, the Court DENIES the motion.

21                    **I.   BACKGROUND**

22        The factual background and procedural history of this matter are largely recounted in

23   Judge Whitehead's order on Plaintiff's motions for a preliminary injunction and thus will not be

24   repeated here. *See* Dkt. No. 38 at 2–5. In sum, Plaintiff's complaint "spans 280 pages, contains

over 1,000 paragraphs in its statement of facts, and includes over 2,000 pages in attachments." *Id.* at 2; *see* Dkt. No. 9 (complaint). Plaintiff "appears to allege Defendants violated his due process rights during multiple legal proceedings in Seattle Municipal Court and King County Superior Court." *Id.* Related issues include "family law cases" and "the implementation and enforcement of COVID-19 mask mandates." *Id.* at 2–3.

On October 31, 2023, Judge Whitehead denied Plaintiff's motions for a preliminary injunction and granted leave to amend the complaint. *See id.* at 5–16. On November 1, Plaintiff filed the instant motion for "disqualification" of Judge Whitehead. *See* Dkt. No. 39. On November 3, Judge Whitehead declined to voluntarily recuse and referred the motion to this Court for decision. *See* Dkt. No. 40 at 2–4.

## II.   LEGAL STANDARD

Local Civil Rule ("LCR") (3)(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States "shall disqualify himself" in any proceeding in which their "impartiality must reasonably be questioned." The statute further provides that the judge must recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse

1    party." The standard for recusal under both statutes is the same—"[w]hether a reasonable person

2    with knowledge of all the facts would conclude that the judge's impartiality might reasonably be

3    questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation

4    marks omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior

5    adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939

6    (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings

7    alone almost never constitute a valid basis for a bias or partiality motion.").

8                                  **III.    DISCUSSION**

9            As an initial matter, this motion is before this Court because Chief Judge David Estudillo

10   is a named Defendant in this matter and is thus "unavailable." LCR 3(f); *see* Dkt. No. 9.

11   Therefore, this Court will decide the motion.

12           Plaintiff seeks recusal on two grounds: "mental incompetence" and "bias." Dkt. No. 39 at

13   4–5. But Plaintiff offers no extrajudicial evidence for any such findings. Instead, Plaintiff

14   devotes nearly half of his motion to rearticulating his arguments for a preliminary injunction and

15   offering point-by-point rebuttals to Judge Whitehead's order on his motions. *See id.* at 2–4. The

16   asserted grounds for recusal are cast in the same mold: Plaintiff asserts, without specific

17   allegations or evidentiary support, that Judge Whitehead's adverse order must be evidence of

18   mental incompetence or bias. *See id.* at 4 (arguing that "any judge so brazen as to openly

19   disregard the clear and dispositive requirement" of a case "suffers from a form of mental

20   incompetence"), 5 (arguing that "it is self-evident that [Judge] Whitehead's biases or prejudices

21   . . . are so extreme as to attempt to undue sixty year of Civil Rights law").

22           The Court agrees with Judge Whitehead's refusal to recuse himself. As Judge Whitehead

23   observed in his order declining to recuse, "[Plaintiff] merely offers conclusory statements and

24   fails otherwise to show actual grounds for incompetence or personal bias." Dkt. No. 40 at 3. The

crux of Plaintiff's motion appears to be a disagreement with Plaintiff's interpretation of *Hamm v. City of Rock Hill*, 379 U.S. 306 (1964). *See* Dkt. No. 39 at 3. But "prior adverse judicial rulings are 'not sufficient cause for recusal.'" *Major v. Wash. State Dep't of Corr.*, No. C23-5307, 2023 WL 6556257, at *1 (W.D. Wash. Sept. 5, 2023) (quoting *Studley*, 783 F.2d at 939). Without more, recusal is inappropriate in this case.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion for Disqualification of Judge Jamal Whitehead (Dkt. No. 39) is DENIED.

Dated this 14th day of November 2023.

Tana Lin
United States District Judge