|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF and BRIANA D. GAGE,

        Plaintiffs,

  v.

MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, AMY FRANKLIN-BIHARY, WILLIE GREGORY, OWEN HERMSEN, DAVID KEENAN, GABRIEL LADD, MAGALIE LERMAN, MARY LYNCH, KATRINA OUTLAND, JESSICA OWEN, BLAIR RUSS, SPROUTS FARMERS MARKET, KING COUNTY, SEATTLE PUBLIC SCHOOLS, BIG 5 SPORTING GOODS, CENTRAL COOP, PUGET CONSUMERS CO-OP, FAYE CHESS, ANN DAVIDSON, ADAM EISENBERG, MATTHEW LENTZ, JEROME ROACHE, SOHEILA SARRAFAN, DAVID SULLIVAN, and JORDAN WALLACE,

        Defendants.

CASE NO. 2:23-cv-1392

ORDER DENYING PLAINTIFF KURT BENSHOOF'S FOURTH MOTION FOR A TEMPORARY RESTRAINING ORDER

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Kurt Benshoof's fourth motion for a temporary restraining order. Dkt. No. 74. Benshoof asks the Court for two forms of injunctive relief: (1) an order enjoining Defendant City of Seattle from "acting to detain, arrest, imprison, prosecute, or sentence [him] relating to Seattle Municipal Court Nos. 656748 [and] 65674"; and (2) an order enjoining Defendant Puget Consumers Co-Op ("PCC") from continuing to deny Benshoof access to its grocery stores. *Id.* at 35-36. The Court DENIES both requests.

## 2. BACKGROUND

During 2020 and 2021, Benshoof refused to comply with PCC's policy that all shoppers must wear a mask or face shield when entering its stores. *See* Dkt. No. 47 at ¶¶ 129-257. Benshoof claims this policy violated his religious beliefs, which he describes as follows: "[t]he Breath of Life is sacred: it shall not be restricted nor impeded by coercion" and he is "spiritually proscribed from being coerced or forced to wear a face mask or face shield[.]" *Id.* at ¶¶ 1, 3. He goes on to say "[a] violation of the U.S. Constitution or the Washington Constitution constitutes a violation of Plaintiff's firmly held religious beliefs" and his "lawsuits are spiritual documents by which to perform exorcisms, removing demonic forces from the bodies of defendants[.]" *Id.* at ¶¶ 7, 10.

Benshoof also claims the policy was discriminatory because he cannot wear a face covering because of an unspecified disability. *Id.* at ¶¶ 11-12. Regarding his alleged disability, Benshoof states he "was sexually abused as a child by someone in a position of trust and authority; as such, demands by [D]efendants that [he]

restrict his breathing or cover his face were . . . abusive and triggering[.]" *Id.* at ¶ 11.

Several times, PCC employees asked Benshoof to put on a face covering or leave the store. *Id.* at ¶¶ 139, 163, 167, 173. PCC employees also called 911 to ask police to escort Benshoof from the store. *Id.* at ¶¶ 144, 165, 176, 180, 232. On October 2020, PCC "trespassed" Benshoof from all store locations. Dkt. Nos. 74 at 116; 88 at ¶ 6. Defendant Freya Brier drafted the trespass notice. Dkt. No. 84 at ¶ 6. Defendant Zachary Cook, the Fremont evening store manager, filed for a protective order against Benshoof in March 2021. Dkt. No. 47 at ¶ 245.

### 3. ANALYSIS

**3.1 The Court has already denied Benshoof's motion for an injunction against the City of Seattle.**

On September 29, 2023, Benshoof moved for a preliminary injunction enjoining the City of Seattle from "engaging in any act to harass, threaten, summon, *detain, arrest, prosecute, or imprison*" him under Seattle Municipal Court case number 656748. Dkt. No. 15 at 7 (emphasis added). The Court denied Benshoof's motion. Dkt. No. 38 at 16.

Days later, on October 2, 2023, Benshoof moved for a temporary restraining order enjoining the City of Seattle from "engaging in any act to harass, threaten, summon, *detain, arrest, sentence, or imprison*" him under Seattle Municipal Court case number 656749. Dkt. No. 16 at 16-17. The Court denied Benshoof's motion. Dkt. No. 29 at 10 (emphasis added).

To the extent Benshoof argues his present request is different from his previous requests, he is arguing semantics. Even if the wording of his requests are slightly different, the same reasoning articulated by the Court in denying his previous requests would apply—the relief he seeks is barred by *Younger v. Harris*, 401 U.S. 37 (1971). *See* Dkt. Nos. 29 at 8-9; 38 at 15.

The Court DENIES Benshoof's motion for a temporary restraining order against the City of Seattle as duplicative. Dkt. No. 74. If Benshoof continues to file frivolous motions, the Court will issue a show cause order asking why his conduct should not be sanctioned for violating Federal Rule of Civil Procedure 11(b)(2).

### 3.2   Benshoof fails to show irreparable harm absent an injunction against PCC.

Because PCC received actual notice of Benshoof's motion, the legal standard for a preliminary injunction applies. *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-06071, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017) ( "[W]here notice of a motion for a temporary restraining order is given to the adverse party, the same legal standard as a motion for a preliminary injunction applies."). "A plaintiff seeking a preliminary injunction must establish that [(1) they are] likely to succeed on the merits, [(2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [(3) that the balance of equities tips in [their] favor, and [(4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the second element, courts will not grant relief "based only on a 'possibility' of irreparable harm." *Id.* at 22.

ORDER DENYING PLAINTIFF KURT BENSHOOF'S FOURTH MOTION FOR A TEMPORARY RESTRAINING ORDER - 4

Benshoof argues the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Dkt. No. 74 at 34. He also argues the City of Seattle's prosecutions against him have prevented him from working, driving, traveling, entering grocery stores, entering courthouses, and reporting crimes to the Seattle Police Department. *Id.*

Benshoof fails to connect his alleged "irreparable harm" with the injunction sought—an order directing PCC to reverse its decision to "trespass" Benshoof from store locations. This relief is unrelated to the City's prosecutions. Nor would it halt any ongoing first amendment violations.

Benshoof brings 42 U.S.C. § 1983 claims against PCC, a private party. The Ninth Circuit has "recognized at least four different general tests that may aid us in identifying state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).

Benshoof alleges the second test—joint action. He makes conclusory allegations of conspiracy between PCC employees—Cook and Brier—and state officials. He alleges "Brier and Cook were private individuals pervasively entwined in joint actions with state actors as integral participants to deny [Benshoof] the full and equal enjoyment of the goods and service[s], and facilities of PCC." Dkt. No. 47 at ¶ 796. He also alleges "Brier, Cook, and [Seattle Municipal Court Judge] Lynch, acted as integral participants to set in motion a series of events by which [Benshoof] would be punished for his beliefs by denying him the full and equal enjoyment of the goods, service[s], and facilities of PCC through restraining orders." *Id.* at ¶ 807.

ORDER DENYING PLAINTIFF KURT BENSHOOF'S FOURTH MOTION FOR A TEMPORARY RESTRAINING ORDER - 5

The only facts Benshoof alleges to support his claims are that Cook "in joint action with [SPD officers] threatened [him] with arrest if [he] and [his son] did not leave the store" and Cook, "with the financial assistance of PCC[,]" retained an attorney and "filed a petition for a protection order" against him. *Id.* at ¶¶ 183, 244-245. "After the renewed restraining order expired on April 19, 2023, PCC Vice President of Legal Counsel, Freya Brier notified [Benshoof] by FedEx letter that PCC employees would call 911 to arrest [him] if [he] entered one of PCC's sixteen store locations again." *Id.* ¶ 257.

Conclusory allegations, however, are not enough to state a claim of conspiracy. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding a plaintiff's "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process . . . insufficient."); *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1184 (N.D. Cal. 2022) (finding "generalized statements about working together do not demonstrate joint action.").

In *Kiss v. Best Buy Stores*, No. 3:22-CV-00281-SB, 2022 WL 17480936, at *5 (D. Or. Dec. 6, 2022), *aff'd*, No. 23-35004, 2023 WL 8621972 (9th Cir. Dec. 13, 2023), the Oregon district court rejected arguments analogous to those Benshoof raises here. In *Kiss*, employees confronted the plaintiff and called police when he entered a Best Buy location without wearing a face covering in violation of the store's mask requirement. *Id.* at *1. The district court found no state action, rejecting the plaintiff's argument that summoning the police to arrest someone constitutes sufficient joint action to transform a private party into a state actor. *Id.* at *4. The district court ultimately held that because the plaintiff did not allege any

ORDER DENYING PLAINTIFF KURT BENSHOOF'S FOURTH MOTION FOR A TEMPORARY RESTRAINING ORDER - 6


agreement between Best Buy and the police, the allegations could not support an inference of conspiracy. *Id.* at *5.

The same reasoning applies here. Cook called police to remove Benshoof from PCC and obtained a protective order. Benshoof makes no allegations to suggest some type of collusion beyond these facts that indicates a broader conspiracy. And what little Benshoof does offer in support of his Section 1983 claims against PCC shows that they are unlikely to succeed on the merits.

Because Benshoof does not show irreparable harm or a likelihood of success on the merits—required elements for the issuance of a TRO—the Court need not analyze the remaining *Winter* factors. The Court DENIES Benshoof's motion for a temporary restraining order against PCC.

## 4. CONCLUSION

Accordingly, the Court DENIES Benshoof's fourth motion for a temporary restraining order.

Dated this 16th day of February, 2024.

Jamal N. Whitehead
United States District Judge