UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF and BRIANA GAGE,

Plaintiffs,

v.

MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, AMY FRANKLIN-BIHARY, WILLIE GREGORY, OWEN HERMSEN, DAVID KEENAN, GABRIEL LADD, MAGALIE LERMAN, MARY LYNCH, KATRINA OUTLAND, JESSICA OWEN, BLAIR RUSS, SPROUTS FARMERS MARKET, KING COUNTY, SEATTLE PUBLIC SCHOOLS, BIG 5 SPORTING GOODS, CENTRAL COOP, PUGET CONSUMERS CO-OP, FAYE CHESS, ANN DAVIDSON, ADAM EISENBERG, MATTHEW LENTZ, JEROME ROACHE, SOHEILA SARRAFAN, DAVID SULLIVAN, and JORDAN WALLACE,

CASE NO. 2:23-cv-1392

ORDER REVOKING IFP STATUS FOR APPEAL

Defendants.

## 1. INTRODUCTION

This matter comes before the Court on referral from the United States Court of Appeals for the Ninth Circuit (the "Referral"). Dkt. No. 114. Having reviewed the relevant record, the Court REVOKES Kurt Benshoof's in forma pauperis status for his appeal, No. 24-952.

## 2. BACKGROUND

After filing three unsuccessful motions for a temporary restraining order, Benshoof moved a fourth time asking the Court to (1) enjoin the City of Seattle from "acting to detain, arrest, imprison, prosecute, or sentence [him] relating to Seattle Municipal Court Nos. 656748 [and] 65674"; and (2) enjoin Puget Consumers Co-Op (PCC) from continuing to deny him access to its grocery stores. Dkt. No. 92 at 2. This Court denied Benshoof's first request as duplicative of his earlier motions requesting injunctive relief and denied his second request because he failed to show irreparable harm or a likelihood of success on the merits. Dkt. No. 92 at 4, 7. The Court also warned Benshoof that it would sanction him for violating Federal Rule of Civil Procedure 11(b)(2) if he continued to file frivolous motions.

On February 20, 2024, Benshoof filed a notice of interlocutory appeal regarding the Court's order denying his fourth motion for a temporary restraining order. Dkt. No. 93. The Ninth Circuit referred this matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue

for this appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No. 114 at 1. The Court addresses this question below.

## 3. ANALYSIS

Benshoof's IFP status should be revoked in this matter. A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Benshoof's TRO motion lacks an arguable basis in law.

In its order, this Court explained that the *Younger* abstention doctrine bars the relief Benshoof seeks, a doctrine the Court already discussed in the prior denial orders. *See* Dkt. Nos. 29 at 8-9; 38 at 15. Further, Benshoof failed to show any irreparable harm would result absent the requested TRO. Dkt. No. 92 at 6-7. Irreparable harm is a necessary component before the Court will impose such an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Benshoof has not and cannot establish irreparable harm on the facts and claims alleged. Because Benshoof's motion for a TRO does not include a single non-frivolous claim, the Court concludes his appeal is not in good faith and that his IFP status to appeal must be revoked.

## 4. CONCLUSION

Accordingly, it is hereby ORDERED:

- The Court CERTIFIES that Benshoof's appeal is frivolous and not taken in good faith. Benshoof's in forma pauperis status is revoked.

- The Clerk of the Court SHALL provide a copy of this Order to all Parties and the Ninth Circuit.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of March, 2024.

Jamal N. Whitehead
United States District Judge