The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KURT BENSHOOF, et al.,

    Plaintiffs,

vs.

MOSHE ADMON, et al.

    Defendants.

Case No. 2:23-cv-01392-JNW

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

## I.    RELIEF REQUESTED

Defendant Central Coop d/b/a Central Co-op requests that the Court deny Plaintiffs' Motion to Extend time to Answer Defendant's Motion to Dismiss.

## II.    STATEMENT OF FACTS

On May 23, 2024, Central Coop filed its motion to dismiss Plaintiffs' First Amended Complaint. Dkt. # 218. On June 10, 2024, Plaintiffs filed a motion for extension of time. Dkt. # 233. Plaintiffs' motion did not argue why there is good cause to justify an extension of time. Their cursory motion only states that there are 40 motions awaiting adjudication and claims Plaintiffs wish to file a second amended complaint. Dkt. # 233 at p. 2-3. Plaintiffs failed to otherwise argue that good cause justified an extension. Plaintiffs had been filing other motions after Central Coop filed its motion to dismiss, including a motion to disqualify Judge Whitehead. Dkt. # 231. To date,

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 1
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

Plaintiffs have not submitted their opposition.

### III.    AUTHORITY

Plaintiffs' need for an extension is due to self-created problems. They have brought claims against numerous defendants on tangentially related matters. The only commonality between many of the claims levied against the various Defendants is that they are all frivolous. Plaintiffs' First Amended Complaint ("FAC")—like the original Complaint—is nothing more than a vexatious attack on the medical and legal fields. Plaintiffs have inundated defendants and this Court with frivolous pleadings and motions. Rather than respond to Central Coop's motion in a timely fashion, Plaintiffs expended effort on another frivolous motion to disqualify the presiding judge. Dkt. # 231. Moreover, their motion provides insufficient facts to warrant an extension.

Under LCR 7(j), "[a] motion for relief from a deadline should be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Parties should not assume that the motion will be granted and must comply with the existing deadlines unless the court orders otherwise." *Id*.

Under Federal Rule of Civil Procedure 6(b), a court may, in its discretion, extend deadlines for "good cause." *Bush v. Santoro*, No. 1:20-cv-00015-JLT-EPG (PC), 2024 U.S. Dist. LEXIS 49472, at *5 (E.D. Cal. Mar. 20, 2024). The good cause standard primarily considers the diligence of the party seeking the amendment. *United States v. Aaron*, No. 2:21-cv-00568-DGE, 2022 U.S. Dist. LEXIS 248222, at *5 (W.D. Wash. June 13, 2022) (*quoting Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)). If a party fails to act diligently, good cause does not exist, and the inquiry ends. *Mammoth Recreations*, 975 F.2d at 609. The movant's conduct is the litmus test. Here, Plaintiffs' motion should be denied for three reasons.

First, Plaintiffs did not properly argue good cause in their bare-bones motion. In fact, while Plaintiffs reference the standard, their argument of harm to Plaintiffs and supposed lack of

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 2
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

prejudice suffered by Central Coop is more analogous to an argument for leave to amend under Fed R. Civ. P. 15. Dkt. # 233 at p.1-5. The analysis for leave to amend under Rule 15(a) is not coextensive with the good cause standard analysis found in Rule 6 or Rule 16(b). *See Mammoth Recreations*, 975 F.2d at 609. They are different standards.

Second, Plaintiffs' reasons for seeking an extension do not give rise to good cause. Plaintiffs state they will file a second amended complaint. Dkt. # 233 at p.2. They have not been granted leave to do so and have not even filed a motion for leave to amend. *Id*. As a general matter, pending motions (even dispositive motions) are not good cause for extending deadlines. *Taylor v. Metro. Dev. Council*, No. C22-5509-JCC-SKV, 2022 U.S. Dist. LEXIS 152264, at *3 (W.D. Wash. Aug. 24, 2022). Here, no motion is even pending. Further, Plaintiffs' arguments of the hardship stemming from 40 pending motions is also no reason to find good cause exists to extend the deadline for Plaintiffs to file their opposition. Many of these motions have been filed and not awaiting Plaintiffs' response, but rather a ruling.

Third, Plaintiffs' own carelessness is the cause of their delay. There are so many motions pending before this Court because Plaintiffs have filed so many frivolous claims against numerous parties for unrelated conduct. After Central Coop filed its motion to dismiss, Plaintiffs decided it was more important to work on other motions, including a motion to disqualify the presiding judge. Dkt. # 231. This motion was filed on June 7, 2024, three days before they filed their motion for extension of time. This was careless planning. Carelessness is not compatible with a finding of good cause. *Mammoth Recreations*, 975 F.2d at 609. If Plaintiffs are overburdened, it a problem of their own making. For the above reasons, this Court should deny Plaintiffs' motion.

### IV.  CONCLUSION

Plaintiffs did not argue or establish good cause in their motion. Moreover, the reasons for Plaintiffs needing an extension were their own fault. For these reasons, their motions should be

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME - 3
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

**SEBRIS BUSTO JAMES**
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

1 denied.

2     Dated this 19 day of June 2024.

3                                           Respectfully submitted,

4                                           SEBRIS BUSTO JAMES

5                                           s/Darren A. Feider

6                                           Darren A. Feider, WSBA #22430
                                            Matthew Coughlan, WSBA #56583

7                                           15375 SE 30th Pl., Suite 310
                                          Bellevue, Washington 98007

8                                           (425) 454-4233
                                          dfeider@sbj.law

9                                           mcoughlan@sbj.law

10                                          Attorneys for Defendant Central Coop

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 4
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

SEBRIS BUSTO JAMES
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

# CERTIFICATE OF SERVICE

I, Darren A. Feider, certify under penalty of perjury under the laws of the State of Washington that, on June 19, 2024, I caused to be served the attached document to the individuals listed below in the manner shown next to their names:

<u>Plaintiff Kurt Benshoof</u>:

1716 N 128th St
Seattle, Washington 98133
Phone: (206) 460-4202
Email: kurtbenshoof@gmail.com

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger
☐ By Electronic Mail
☒ By E-service

<u>Plaintiff Briana D. Gage</u>:

1716 N 128th St
Seattle, Washington 98133
Phone: (332) 260-7171
Email: brianagage702@gmail.com

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger
☐ By Electronic Mail
☒ By E-service

<u>Attorneys for Defendants City of Seattle, Jenny Durkin, Matthew Lentz, Katrina Outland, David Sullivan, Jordan Wallace, Gabriel Ladd, Faye Chess, Anita Crawford-Willis, Adam Eisenberg, and Jerome Roache</u>:

Seattle City Attorney's Office
Dallas LaPierre, WSBA #47391
Catherine Riedo, WSBA #50418
701 Fifth Avenue, Suite 2050
Seattle, Washington 98104
Phone: (206) 684-8200
Email: dallas.lepierre@seattle.gov
Email: catherine.riedo@seattle.gov

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger
☐ By Electronic Mail
☒ By E-service

<u>Attorneys for Defendant Nathan Cliber</u>:

Gordon Rees Scully Mansukhani LLP
Michael C. Tracy
Sarah N. Turner
701 Fifth Avenue, Suite 3200

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger

---

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 5
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

**SEBRIS BUSTO JAMES**
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

| | |
|---|---|
| Seattle, Washington 98104<br>Phone: 206-965-5100<br>Email: mtracy@grsm.com<br>Email: sturner@grsm.com | ☐ By Electronic Mail<br>☒ By E-service |

*Defendant Amy Franklin-Bihary*:

| | |
|---|---|
| 701 Fifth Avenue, Suite 4550<br>Seattle, Washington 98104<br>Phone: (206) 624-4900<br>Email afb@weschslebercker.com | ☐ By U.S. Mail<br>☐ By Federal Express<br>☐ By Facsimile<br>☐ By ABC Messenger<br>☐ By Electronic Mail<br>☒ By E-service |

*Attorneys for Defendant Big 5 Sporting Goods*:

| | |
|---|---|
| Miller Nash LLP<br>James Yand, WSBA No. 18730<br>James Johnson, WSBA No. 45750<br>605 5th Avenue S, Suite 900<br>Seattle, Washington 98104<br>Phone: 206-624-8300<br>Email: james.yand@millernash.com<br>Email: james.johnson@millernash.com | ☐ By U.S. Mail<br>☐ By Federal Express<br>☐ By Facsimile<br>☐ By ABC Messenger<br>☐ By Electronic Mail<br>☒ By E-service |

*Attorneys for Defendant King County and Judge David Keenan*:

| | |
|---|---|
| Peggy Wu, WSBA No. 35941<br>Senior Deputy Prosecuting Attorney<br>701 5th Avenue, Suite 600<br>Seattle, Washington 98104<br>Phone: 206-624-8300<br>Email: pwu@kingcounty.gov | ☐ By U.S. Mail<br>☐ By Federal Express<br>☐ By Facsimile<br>☐ By ABC Messenger<br>☐ By Electronic Mail<br>☒ By E-service |

s/ Darren A. Feider
Darren A. Feider

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 6
*Benshoof, et al. v. Admon, et al.*, Case No. 2:23-cv-01392-JNW

**SEBRIS BUSTO JAMES**
15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233