1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
KURT BENSHOOF and BRIANA D.
GAGE,

9
               Plaintiffs,

10
    v.

11
MOSHE ADMON et al.,

12
               Defendants.

CASE NO. 2:23-cv-1392

ORDER DENYING MOTION TO
DISQUALIFY

13

14
      Plaintiff Kurt Benshoof moves to disqualify this Court, citing 28 U.S.C. §

15
455(a)(b)(5)(iii). Dkt. No. 231. He argues this Court has "an interest which could be

16
substantially affected by the outcome of this proceeding," refencing a separate

17
lawsuit he recently filed against this Court. *Id.* Because the Court's impartiality

18
cannot be reasonably questioned, the Court DENIES Benshoof's motion to

19
voluntarily recuse, and REFERS the matter to United States District Chief Judge

20
David Estudillo under Local Civil Rule 3(f).

21
## 1.  BACKGROUND

22
      On June 7, 2024, Benshoof sued this Court. *See Benshoof v. Ferguson et al.,*

23
No. 2:24-cv-00808-JHC. He argues "[i]t is axiomatic that [the Court] cannot

ORDER DENYING MOTION TO DISQUALIFY - 1

simultaneously be a defendant in [*Benshoof v. Ferguson et al.*] while remaining impartial to adjudicate [this case]." Dkt. No. 231 at 2. He also argues that because *Benshoof v. Ferguson et al.* centers on the Court's delay in adjudicating his Fifth and Sixth Motions for Temporary Restraining Orders, Dkt. Nos. 129, 158, the Court has an interest that could be substantially impacted by the outcome of this case.

This is the second time Benshoof has asked the Court to recuse from his case. *See* Dkt. No. 40.

## 2.   DISCUSSION

If a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "If the challenged judge decides not to

ORDER DENYING MOTION TO DISQUALIFY - 2

voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Under Canon 3C(1)(d)(i) of the Code of Conduct for the United States Judges, a judge's impartiality might reasonably be questioned if they are a party to the proceeding. But if "[a] litigant with a case pending before a judge" responds to an adverse ruling by suing the judge, that judge is "not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." *Id.* In this instance, "a nonmeritorious complaint, standing alone, *will not* lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and this will not require the judge to recuse." *Id.* (emphasis added).

Benshoof is frustrated by the as-yet-to-be-decided status of his Fifth and Sixth TRO motions and has responded—not by remaining patient while the Court works through the scores of other motions he has filed—but by suing the Court. Clearly Benshoof takes issue with the way the Court has managed the docket and ruled in this case. But "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Thus,

1
2
Benshoof's claims against the Court are surely subject to dismissal based on judicial immunity.

3
4
5
6
As a result, the Court is not automatically required to recuse here even though Benshoof has named it as a defendant in a new case. Because reasonable minds would not question the Court's impartiality under these circumstances, it declines to voluntarily recuse itself from this matter.

7
### 3.   CONCLUSION

8
9
10
Accordingly, the undersigned DECLINES to recuse voluntarily. Benshoof's motion to disqualify, Dkt. No. 231, is REFERRED to United States District Chief Judge David Estudillo for decision.

11
Dated this 28th day of June, 2024.

12

13

14
Jamal N. Whitehead
United States District Judge

15

16

17

18

19

20

21

22

23

ORDER DENYING MOTION TO DISQUALIFY - 4