UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF and BRIANA D. GAGE, <br><br> Plaintiffs, <br><br> v. <br><br> MOSHE ADMON et al., <br><br> Defendants. | CASE NO. 2:23-cv-1392 <br><br> ORDER DENYING FIFTH AND SIXTH MOTIONS FOR TEMPORARY RESTRAINING ORDERS |

This matter comes before the Court on Plaintiff Kurt Benshoof's fifth and sixths motions for temporary restraining orders ("TROs"). Dkt. Nos. 129, 158. Benshoof asks the Court for three forms of injunctive relief: (1) to enjoin "Respondents" from enforcing the terms or conditions of the Honorable Marshall Ferguson's Order Restricting Abusive Litigation of Kurt Benshoof in *Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. February 17, 2023), Dkt. No. 177, and Judge Ferguson's subsequent contempt order, Dkt. No. 319[1]; (2) to

---

[1] Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Judicial notice may be taken "of court filings and other matters of public record."

ORDER - 1

enjoin the City of Seattle from "acting to detain, arrest, imprison, prosecute, or sentence Benshoof relating to Seattle Municipal Count Nos. 669329; 671384; 675317; 675405; 676175; 676207; 676216; 676463; 676492; or King County Superior Court case no. 21-5-00680-6"; and (3) to enjoin the mother of his son, A.R.W., from "continuing to conceal A.R.W. from Benshoof." The Court DENIES both TROs.

## 1. BACKGROUND

On March 31, 2023, King County Superior Court Judge Marshall Ferguson determined that Benshoof is a vexatious litigant, based on his "pattern of abusive litigation and weaponization of the [King County Superior Court] system[.]" Dkt. No. 13-2 at 111-117; *see also Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. February 17, 2023), Dkt. No. 177. Judge Ferguson ordered Benshoof to follow certain filing restrictions including requiring him to move for leave to proceed with any future action filed against Nathan Cliber, Jessica Owen, Magalie Lerman, or Owen Hermsen, and to submit a copy of the abusive litigant order with the complaint. *Id.*

On March 1, 2024, Judge Ferguson entered a Contempt Order for violating the filing restrictions. Dkt. No. 129-3; *see also Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. February 17, 2023), Dkt. No. 319. Judge Ferguson entered "an ongoing remedial sanction" requiring Benshoof to pay $250 per day that he fails to file the Abusive Litigation Order in his pending actions. *Id.*

---

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court takes judicial notice of *Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. February 17, 2023), Dkt. No. 177, Order Restricting Abusive Litigation of Kurt Benshoof, and Dkt. No. 319, Contempt Order.

ORDER - 2

## 2. DISCUSSION

"A plaintiff seeking a [temporary restraining order] must establish that [(1) they are] likely to succeed on the merits, [(2)] that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in [their] favor, and [(4)] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the second element, courts will not grant relief "based only on a 'possibility' of irreparable harm." *Id.* at 22. Indeed, likely success on merits is "most important" factor. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Regarding Benshoof's fifth TRO motion, he argues the Order Restricting Abusive Litigation was issued without jurisdiction, after ex parte communication, and based on fraud. But a TRO is not the proper vehicle for appealing a state court order. Benshoof has not shown he will likely succeed on the merits, nor has he established an irreparable injury based on the contempt order's $250 "ongoing remedial sanction." Accordingly, the Court DENIES his fifth TRO motion.

As to Benshoof's sixth TRO motion, the Court *already* denied Benshoof injunctive relief regarding Seattle municipal Court Case Nos. 669329 and 671384. *See* Dkt. No. 29. The remaining Seattle Municipal Court cases are criminal matters. Case Nos. 669329, 671384, 675405, 676175, 676207, 676216, 676463, and 676492 are open matters.[2] The Court has explained in multiple orders that the relief

---

[2] Case No. 675317 has closed, and charges were dismissed. *See City of Seattle v. Benshoof*, No. 675317 (Seattle Municipal Court Sep. 2023) (available at https://courtrecords.seattle.gov/portal/court/68f021c4-6a44-4735-9a76-

ORDER - 3

Benshoof seeks regarding ongoing criminal matters is barred by *Younger v. Harris*, 401 U.S. 37 (1971). *See* Dkt. Nos. 29 at 8-9; 38 at 15; 92 at 4.

Finally, King County Superior Court Case No. 21-5-00680-6 refers to a parentage action between Benshoof and Owen. This Court has no authority to interfere with the outcome of this matter or Owen and Lerman's custody. As this Court has told Benshoof repeatedly, he cannot seek federal relief for child custody issues. "It is well-settled that federal district courts have no jurisdiction over child custody issues, which are exclusively matters of state law." *Benshoof v. Keenan*, No. C23- 751-RAJ, 2023 WL 4142956, at *1 (W.D. Wash. June 12, 2023) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04) (1992) (affirming the domestic relations exception "divests the federal courts of power to issue divorce, alimony[,] and child custody decrees.")) The Court DENIES Benshoof's sixth TRO motion.

### 3. CONCLUSION

Accordingly, the Court DENIES Benshoof's fifth and sixth TRO motions with prejudice, Dkt. Nos. 129, 158.

Dated this 28th day of June, 2024.

Jamal N. Whitehead
United States District Judge

---

5360b2e8af13/case/8f7bb23c-7a63-44ba-91a4-bceea76f5d1c). As a result, even if relief were not barred by *Younger* abstention, Benshoof's request to enjoin this matter is moot.

ORDER - 4