UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF and BRIANA D. GAGE,<br><br>Plaintiffs,<br><br>v.<br><br>MOSHE ADMON et al.,<br><br>Defendants. | CASE NO. 2:23-cv-1392<br><br>ORDER |

## 1. INTRODUCTION

Seattle City Attorney Ann Davison, a defendant in this action, moves the Court to redact her home address from Plaintiffs' proposed and issued summonses, Dkt. Nos. 155-1 and 157. Because Davison's privacy interests in keeping her home address confidential outweigh the public's interest in access to these summonses, the Court GRANTS her motion and seals Dkt. Nos. 155-1 and 157. The Court also sua sponte SEALS and REDACTS the parts of the record that list the personal home addresses of public figures.

**ORDER** - 1

## 2. DISCUSSION

**2.1  Legal standard.**

"There is a strong presumption of public access to the court's files." LCR 5(g). A motion to seal a document must include: "[a] certification that the party has met and conferred with all other parties[,]" and explored other alternatives, and "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: . . . the legitimate private or public interests that warrant the relief sought; . . . the injury that will result if the relief sought is not granted; and . . . why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(A)-(B). "[T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180. Courts often seal records that may "become a vehicle for improper purposes," including "records to gratify private spite, promote public scandal, [or] circulate libelous statements[.]" *Id.* at 1179.

**2.2  The Court grants Davison's motion to seal her home address.**

As the current Seattle City Attorney, Davison has elected to keep her home address confidential through Washington's Address Confidentiality Program. Dkt. No. 163 ¶ 3. Counsel for the City of Seattle offered to waive service on Davison's behalf, but Benshoof refused this proffer. As a result, Davison's confidential home

**ORDER** - 2

address appears on the proposed summons, Dkt. No. 155-1, and the summons issued by the Court, Dkt. No. 157. The public has little to no interest in being able to view the summonses listing Defendants in their individual capacities. Because publishing Davison's confidential address may lead to it being used for improper purposes by the public, the Court finds good cause to seal that outweighs the public's interest in the records. Accordingly, the Court GRANTS Davison's motion and SEALS Dkt. Nos. 155-1 and 157.

### 2.3 The Court sua sponte seals and redacts summonses listing the home addresses of judges and other public figures.

The Court has reviewed the other summonses and finds good cause to seal several of them. Benshoof and Gage claim to sue Seattle Municipal Court Judges, the Honorable Faye Chess, Anita Crawford-Willis, Adam Eisenberg, Willie Gregory, Mary Lynch, and Jerome Roach in their official and personal capacities. Likewise, they sue King County Superior Court Judge David Keenan and former Mayor Jenny Durkan personally. In the summonses, Benshoof[1] lists the home addresses of these public figures. The Court finds the risk of publishing the home addresses of these public officials outweighs the benefit of public access to these procedural documents that in no way relate to the merits of the case. Accordingly, the Court SEALS Dkt. Nos. 11-1, 11-2, 11-3, 49-9, 49-15, 49-19, 49-21, 49-24, 49-27, 49-35, and 49-41, and REDACTS the home address information listed on pages 17, 29, 37, 41, 47, 53, 69, and 81 of Dkt. No. 50.

---

[1] Although Plaintiff Gage appears to have signed the amended complaint, Dkt. No. 47 at 184, Benshoof did not include her in any of the requested summonses.

**ORDER** - 3

Dated this 10th day of July, 2024.

                                              Jamal N. Whitehead
                                              United States District Judge

**ORDER** - 4