UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF and BRIANA GAGE,<br><br>Plaintiffs,<br><br>v.<br><br>MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, AMY FRANKLIN-BIHARY, WILLIE GREGORY, OWEN HERMSEN, DAVID KEENAN, GABRIEL LADD, MAGALIE LERMAN, MARY LYNCH, KATRINA OUTLAND, JESSICA OWEN, BLAIR RUSS, SPROUTS FARMERS MARKET, KING COUNTY, SEATTLE PUBLIC SCHOOLS, BIG 5 SPORTING GOODS, CENTRAL COOP, PUGET CONSUMERS CO-OP, FAYE CHESS, ANN DAVIDSON, ADAM EISENBERG, MATTHEW LENTZ, JEROME ROACHE, SOHEILA SARRAFAN, DAVID SULLIVAN, and JORDAN WALLACE,<br><br>Defendants. | CASE NO. 2:23-cv-1392<br><br>ORDER |

**ORDER** - 1

This matter comes before the Court on referral from the United States Court of Appeals for the Ninth Circuit (the "Referral"). Dkt. No. 251. Having reviewed the relevant record, the Court REVOKES Kurt Benshoof's in forma pauperis status for his appeal, No. 24-4223.

On June 28, 2024, the Court dismissed Plaintiffs Kurt Benshoof and Briana Gage's first amended complaint with prejudice. Dkt. No. 245. In an extensive 46-page order, the Court thoroughly explained why each of Plaintiffs' 40 causes of action were meritless given that they fail to state constitutional violations, accused immune parties of wrongdoing, and alleged an extremely implausible RICO conspiracy. Based on these and other deficiencies, the Court found it would be futile to grant leave to amend *a second time* and dismissed all claims with prejudice.

On July 2, 2024, Benshoof and Gage filed a notice of appeal. Dkt. No. 247. The Ninth Circuit referred this matter to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No. 251 at 1. The Court addresses this question below.

Benshoof's IFP status should be revoked in this matter. The Court never granted IFP status to Gage. *See* Dkt. A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Benshoof's causes of action lack an arguable basis in law and fact. Moreover, Benshoof's conduct shows a continuous pattern of bringing non-meritorious litigation in this district. Examining

**ORDER** - 2

his filings as a whole supports the conclusion that Benshoof is not acting in good faith. *See Matter of Metz,* 820 F.2d 1495, 1497 (9th Cir. 1987) (bankruptcy; successive filings, when viewed together, can be evidence of bad faith); *Jenson v. Carr*, No. C11-1222RSL, 2012 WL 13028543, at *2 (W.D. Wash. June 18, 2012) (finding that "a tremendous number of claims premised on the same alleged injury" was evidence of the harassing nature of a litigant's actions).

Because Benshoof's First Amended Complaint does not include a single non-frivolous claim as articulated by the Court in its extensive order dismissing with prejudice, Dkt. No. 245, the Court concludes his appeal is not in good faith and that his IFP status to appeal must be revoked.

Accordingly, it is hereby ORDERED:

- The Court CERTIFIES that Benshoof's appeal is frivolous and not taken in good faith. Benshoof's in forma pauperis status is revoked.
- The Clerk of the Court SHALL provide a copy of this order to the Ninth Circuit.

Dated this 18th day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3