```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED
```

OCT 0 2 2024   **MH**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
**BY** _____ **DEPUTY**

KURT BENSHOOF, *et al.,*
               *Plaintiffs,*

v.

MOSHE ADMON, et al.,
               *Defendants*.

No. 2:23-cv-01392-JNW

## EMERGENCY REQUEST TO STAY THE CASE PENDING APPELLANT/PLAINTIFF KURT BENSHOOF'S ABILITY TO RESPOND AND FILE IN MOTIONS AND RESPONSIVE PLEADINGS IN THE ABOVE REFERENCED CASE

### INTRODUCTION

Appellant/Plaintiff Kurt Benshoof ("Benshoof") files the below in *"Emergency request TO STAY the Case Pending Appellant/Plaintiff Kurt Benshoof's ability to respond and file in motions and responsive pleadings in the above referenced case "* and states the following:

### FACTS THAT CAN NOT BE DENIED

1. Appellant/Plaintiff Benshoof is currently incarcerated and held in King County Correctional Facility – Seattle

2. Malicious criminal prosecution and persecution has been brought against Appellant Benshoof in two courts simultaneously/concurrently:

    A) MUNICIPAL COURT FOR THE CITY OF SEATTLE

    CITY OF SEATTLE v. KURT BENSHOOF

    Case Nos: 676492, 676463, 676216, 676207, 676175, 675405, 671384, 656748.

    B) SUPERIOR COURT, KING COUNTY, WASHINGTON

    STATE OF WASHINGTON v. KURT BENSHOOF

    CASE: 24-1-02680-7 SEA

## JUDICIAL NOTICE

3.  Allegations made in a pro se complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States,* 312 F.3d 191, 194–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." *Id.* Even though pleadings by a pro se litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal, 556 U.S.* 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

## INTRODUCTION

4.  The Petition Clause protects "the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I.

    When an individual petitions a court, the grievance she asserts is legal injury, and the redress she seeks is individualized rights-vindication.

    > "Logic demands that there be a link between the stated purpose and the command.
    > . ... That requirement of logical connection may cause a prefatory clause to resolve
    > an ambiguity in the operative clause." *District of Columbia v. Heller,* 554 U.S.
    > 570, 577 (2008).

5.  The precise words the Framers selected to express the goal of subclause - *"for a redress of grievances"* - connotes the purpose of ensuring individualized redress, rather than participatory interests, and logic demands a link between this purpose and the scope of the command. Thus, the right to petition the courts logically entails a right to a remedy.

    Fundamental principle of constitutional interpretation — the presumption against superfluity:

    > "All constitutional provisions have equal dignity, and each subsection, sentence,
    > and clause of a constitution must be read in light of the others to form a congruous
    > whole so as not to render any language superfluous. The presumption and legal
    > intendment is that every clause in a written constitution has been inserted for some
    > useful purpose, and courts should avoid a construction which would render any
    > portion of the constitution meaningless, idle, inoperative, needless, or nugatory."[1]

---

[1] 16 C.J.S. Constitutional Law § 99 (2016). The Court has repeatedly affirmed this principle. See Dep't of Revenue v. Ass'n of Wash. Stevedoring Cos., 435 U.S. 734, 759 (1978); Rhode Island v.

6. Chief Justice John Marshall emphasized the individual's right to obtain — and the courts' corresponding duty to provide — meaningful judicial redress for a meritorious legal grievance. In *Marbury v. Madison* 5 U.S. 137 (1803). Marshall declared it *"a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress."* Id. at 147 (citing 3 WILLIAM BLACKSTONE, COMMENTARIES *109).

He *"who considers himself injured, has a right to resort to the laws of his country for a remedy."* Id. at 166. Marshall characterized *"the right of every* [injured] *individual to claim the protection of the laws"* as "[t]*he very essence of civil liberty"* and affording such protection among *"the first duties of government."* Id. *"*[I]*f the laws furnish no remedy for the violation of a vested legal right,"* Marshall warned, the United States government *"will certainly cease to deserve* [the] *high appellation"* of being *"emphatically termed a government of laws, and not of men."* Id.

First Amendment right to a remedy — the *"right* [of an individual] *to resort to the laws of his country for a remedy"* Id. at 166, through *"the respectful form of a petition"* Id. at 163— for a redress of a legal grievance — the *"proper redress"* for a legal injury. Id. at 147.

### Violation of Constitutionally Protected Rights

7. Appellant/Plaintiff Benshoof **has been and continues to be denied** not only *meaningful opportunity* to present a *complete defense* in the malicious criminal prosecution and persecution brought against Appellant Benshoof, it is a FACT that Appellant Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.[2]

---

Palmer, 253 U.S. 350, 407 (1920) (Clarke, J., dissenting); Knowlton v. Moore, 178 U.S. 41, 87 (1900); see also Marbury v. Madison, 5 U.S. 137, 174 (1803) ("It cannot be presumed that any clause in the constitution is intended to be without effect; and therefore such a construction is inadmissible, unless the words require it."). This principle of constitutional interpretation goes by different names: alternatively styled a principle, rule, or canon against or anti superfluity, superfluities, surplusage or superfluousness. See, e.g., Kenneth A. Klukowski, Severability Doctrine: How Much of a Statute Should Federal Courts Invalidate?, 16 TEX. REV. L. & POL. 1, 13 n.44 (2011) (citing cases using alternative formulations).

[2] Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994).*

8. Appellant Benshoof *has been and continues to be denied* all *meaningful opportunity* to file into any of his pending cases in state and federal courts in Violation of First Amendment, and Seventh Amendment of US Constitution and Due Process under Fourteenth Amendment.

9. The following due process violations have been and continue to take place in the case of KURT BENSHOOF ("Benshoof"):

A - Denial of First Amendment rights to religious expression by objecting on religious grounds to mask mandates and vaccine mandates as a condition of public accommodation, public education of BENSHOOF's child, and access to his advocate for his child or even associate with his child, by using the state legal system to punish such petitioning through imprisonment, trial without counsel, trial without due process of law, denial of parental rights to care and custody of his child, subornation of perjury, and future incarceration;

B - Denial of First Amendment rights to petition the government for redress of grievances -- including petitioning the police force for violation of BENSHOOF's rights by state actors and others, by using the state legal system to punish such petitioning through imprisonment, trial without counsel, trial without due process of law, denial of parental rights to access, advocate for, or any form of care or custody of his child, subornation of perjury, and future incarceration;

C- Denial of First Amendment rights to political expression by declaring BENSHOOF crazy, incompetent, mentally ill and dangerous simply for objecting to mask mandates and vaccine mandates as a condition of public accommodation, public education of his child, and access to his advocate for his child or even associate with his child, by using the state legal system to punish such petitioning through imprisonment, trial without counsel, trial without due process of law, denial of parental rights to care and custody of his child, subornation of perjury, and future incarceration;

D - Denial of Second Amendment rights of self defense by punishing BENSHOOF for lawfully possessing a gun, by using the state legal system to punish such petitioning through imprisonment, trial without counsel, trial without due process of law, denial of parental rights to care and custody of his child, subornation of perjury, and future incarceration;

E - Denial of Fourth Amendment rights to be secure in his person and property by unlawful unreasonable seizures of BENSHOOF 's person and property without probable cause, and the use of such tainted evidence against BENSHOOF in a criminal case;

F- Denial of Fourth Amendment rights to bodily autonomy in compelling BENSHOOF comply with mask and vaccine mandates as a condition of public accommodation, a condition of public education, a condition of access to the care and custody of BENSHOOF's child, and punishing the exercise of that right by using the state legal system to punish such petitioning through imprisonment, trial without counsel, trial without due process of law, denial of parental rights to care and custody of BENSHOOF's child, subornation of perjury, and future incarceration;

G - Denial of Fifth Amendment procedural rights to due process of law by denying BENSHOOF's notice of a hearing that denied BENSHOOF's access to his own child, denying BENSHOOF's notice of protection orders enforceable by arrest and imprisonment, denying BENSHOOF's requests for discovery in his own criminal case, denying BENSHOOF a continuance after securing retained counsel to represent him, denying BENSHOOF means to participate in hearings concerning BENSHOOF's criminal case, and denying BENSHOOF the means to participate in his own defense in the ongoing criminal case by imprisoning him without trial in solitary confinement;

H - Denial of Fifth Amendment substantive rights to due process of law by denying the BENSHOOF his right to access to, advocate on behalf of, and the care and custody of his child;

I - Denial of Sixth Amendment right to counsel by denying BENSHOOF a brief continuance for his privately retained counsel to appear in the case and prepare for trial;

J - Denial of Eighth Amendment right against unreasonable bail through imprisonment in solitary confinement pending trial without means of bail.

### Benshoof is pro se Appellant/Plaintiff

10. Appellant/Plaintiff Benshoof is pro se litigant.

### Benshoof has no access to any of the filed documents

11. Appellant/Plaintiff Benshoof has no access to any of the filed documents, and **has been and continues to be denied** not only *meaningful opportunity* to present a *complete defense* in the malicious criminal prosecution and persecution brought against Appellant Benshoof, it is a FACT that Appellant Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

12. Appellant/Plaintiff Benshoof has no access to internet, Benshoof's mail is deliberately delayed and/or obstructed from being sent/received.

13. Appellant/Plaintiff Benshoof due process to access courts, both state and federal, is obstructed by local administrative rules of the jail Benshoof is being held in violation of eighth amendment, and such due process violation is fully approved/sanctioned by the state court judges officially on the record.

### Emergency request TO STAY the instant Case

14. Appellant/Plaintiff Benshoof files this "*Emergency request TO STAY the Case Pending Appellant/Plaintiff Kurt Benshoof's ability to respond and file in motions and responsive pleadings*

*in the above referenced case* " to ask the Honorable Court to STAY all the proceeding in the instant case - until such time that Appellant/Plaintiff Benshoof is able to exercise his First Amendment right to a remedy — the "*right* [of an individual] *to resort to the laws of his country for a remedy*" Id. at 166, through "*the respectful form of a petition*" Id. at 163— for a redress of a legal grievance — the "*proper redress*" for a legal injury. Id. at 147.

15. Appellant/Plaintiff Benshoof will be notifying the court immediately once he has been accorded the ability to petition and access courts for redress of grievances' under the First Amendment, and Seventh Amendment of US Constitution and Due Process under Fourteenth Amendment without being denied such as is the case currently.

RESPECTFULLY SUBMITTED,

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle[3]**
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
East - Lower B - 9th Floor - Cell #6
Email: kurtbenshoof@gmail.com
[no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[4]

Signature: _____          Date: September 30, 2024

/URVE MAGGITTI /
urve.maggitti@gmail.com

---

[3] Subject to change without notice, mail delivery [send/receive] not guaranteed.
[4] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[5]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof has been denied not only *meaningful opportunity* to present a *complete defense* in the malicious criminal prosecution and persecution brought against Mr. Benshoof, it is a FACT that Mr. Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery. [6]

In 1975 in *Faretta v. California,* United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel . . . .' The right is currently codified in 28 U.S.C. s 1654."*[7]

> The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows: "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [8]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: *"right to have the Assistance of Counsel."*

Signature: _____   Date: September 30, 2024
/URVE MAGGITTI /   urve.maggitti@gmail.com

---

[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

[6] Mr. Benshoof was provided few photocopies of the incident reports, from the Seattle Police Department which responded to Jessica Owen's and Magalie Lerman's calls, and police reports of three visits to Mr. Benshoof's home.

[7] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[8] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _September 30 2024_ /2024.

Signed: _Urve Maggitti_

        **Urve Maggitti**

Notary as JURAT CERTIFICATE

State of Pennsylvania _County of Delaware_

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_Daniel J Brady_

Notary Public,
My commission expires: _05/08/2028_

Commonwealth of Pennsylvania - Notary Seal
Daniel J. Brady, Notary Public
Chester County
My commission expires May 8, 2028
Commission number 1016077
Member, Pennsylvania Association of Notaries

_page 9 of 12_

## CERTIFICATE OF SERVICE

Petitioner hereby certifies that the foregoing motion will be send to all counsel of record, and by email to the addresses listed below.

**Attorneys For Defendant**
**CITY OF SEATTLE:**
Dallas LePierre, WSBA #47391
Catherine Riedo, WSBA #50418
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Email: dallas.lepierre@seattle.gov
Phone: (206) 386-1041
Email: catherine.riedo@seattle.gov
Phone: (206) 684-8200

**Defendant AMY FRANKLIN-BIHARY:**
Amy Franklin-Bihary, *pro se* WSBA#35787
701 Fifth Avenue
Suite 4550
Seattle, WA 98104
Phone: (206) 624-4900
Email: afb@wechslerbecker.com

**Attorneys for Defendant**
**NATHAN CLIBER:**
Sarah N. Turner, WSBA #37748
Email: sturner@grsm.com
Michael C. Tracy, WSBA #51226
Email: mtracy@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5178

**Defendant Blair Russ:**
Blair M. Russ, WSBA #40374
1000 Second Avenue
Suite 3660
Seattle, WA 98104
Email: bmr@tbr-law.com
Phone: (206) 621-1871

**Attorneys for Defendants**
**PUGET CONSUMERS CO-OP, Freya Brier,**
**Zachary Cook:**
Darren A. Feider, WSBA #22430
Email: dfeider@sbjlaw.com
Matthew Coughlan, WSBA #56583
Email: mcoughlan@sbjlaw.com
15375 SE 30th Place
Suite 310
Bellevue, WA 98007

**Defendant Moshe Admon:**
Moshe Y. Admon, WSBA #50325
300 Lenora Street
Suite 4008
Seattle, WA 98121
Email: jeff@admonlaw.com
Phone: (206) 739-8383

**Attorneys for Defendants**
**BIG 5 and SPROUTS:**
James Yand, WSBA #18730
Email: james.yand@millernash.com
James Johnson, WSBA #45750
Email: james.johnson@millernash.com
605 Fifth Avenue S, Suite 900
Seattle, WA 98104
Phone: (206) 624-8300

**Attorney for Defendants**
**David Keenan, KING COUNTY:**
Peggy Wu, WSBA #35941
Email: pwu@kingcounty.gov
Phone: (206) 477-1120
701 Fifth Avenue, Suite 600
Seattle, WA 98104

**Defendant Magalie Lerman:**
Magalie E. Lerman
849 NE 130th Street
Seattle, WA 98125
Email: magalie.lerman@gmail.com
Phone: (303) 500-9723

**Attorney for Defendant**
**Seattle Public Schools:**
Sarah S. Mack, WSBA #32853
1191 Second Avenue, Suite 2000
Seattle, WA 98101
Phone: (206) 245-1700
Email: sarah.mack@pacificalawgroup.com


**Attorneys for Defendant**
**CENTRAL COOP:**
Darren A. Feider, WSBA #22430
Email: dfeider@sbj.law
Matthew Coughlan, WSBA #56583
Email: mcoughlan@sbj.law
15375 SE 30th Place
Suite 310
Bellevue, WA 98007


**Defendant Jessica Owen:**
Jessica R. Owen
849 NE 130th Street
Seattle, WA 98125
Email: ms.jadelicious@gmail.com
Phone: (206) 427-6170