Hon. Jamal Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOSHE ADMON, et al.,<br><br>　　　　Defendants. | No.: 2:23-cv-01392-JNW<br><br>**PLAINTIFF'S RESPONSE TO THE SUPPLEMENT TO CITY OF SEATTLE'S MOTION FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF KURT A. BENSHOOF** |

Plaintiff responds to Defendant City of Seattle's ("Seattle") supplement to Seattle's motion for vexatious litigant order against Plaintiff (Dkt. 250). Seattle's vexatious litigant order motion (Dkt 250) and its supplement (Dkt. 258), is more evidence that Seattle has been, and continues to prevent Plaintiff from seeking his First Amendment right to redress of grievances by submitting this motion in order to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

## I.    INTRODUCTION

Since 2022, Plaintiff's lawsuits stem from Seattle's malicious prosecution and persecution against Plaintiff for his minority beliefs. Plaintiff is a Reverend of a humble home-church and refused to compromise his beliefs against covering his face. Under the

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

1

guise of a public health emergency, local grocery stores demanded that Plaintiff cover his face in order for Plaintiff to shop there. When Plaintiff refused to compromise his beliefs, Seattle, by way of its police officers and prosecutors, embarked on its COVID-mandate crusade against Plaintiff by charging Plaintiff with criminal trespass, then by denying Plaintiff access to the Courts - all for refusing to wear a mask.

Despite Seattle/King County Court granting Plaintiff's request for exceptions to having to wear a mask to court, the courts reneged on the exceptions. Judges, some acting without in personam or subject matter jurisdiction, or both, doubled down against Plaintiff, by denying Plaintiff access to the courtroom - again because Plaintiff would not wear a mask, then issued excessive bench warrants in amounts of up to $50,000 against Plaintiff for allegedly not appearing. In one case, the judge issued a $15,000 bench warrant against Plaintiff for allegedly "exiting the hearing early" because Plaintiff had allegedly logged off prematurely from his telephonic appearance.

During this time period, the mother of Plaintiff's beloved son, A.R.W., Jessica Owen, and Owen's girlfriend, both become engulfed in the COVID-masking and "vaccination" fever. Plaintiff's amicable agreement with Owen to co-parent and to make mutual decisions towards the care and raising of A.R.W. were upheaved by this new fever. Plaintiff's relationship with Owen, his former girlfriend, deteriorated when Owen, against Plaintiff's wishes, sent A.R.W. to be injected with DNA-modifying mRNA gene therapy[1] which were marketed as "COVID vaccines". These mRNAs have a particularly dangerous

---

[1] BioNTech SE Form 20-F, UNITED STATES SECURITIES AND EXCHANGE COMMISSION(2020), https://investors.biontech.de/node/7381/html#ITEM_3_C at page 15

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

2

potential side-effect in young men - myocarditis[2] (inflammation of the heart muscle which may result in death).

When Plaintiff vehemently opposed the use of these mRNAs on A.R.W., Owen turned to the Family Court to wrest Plaintiff's right to associate with his son from Plaintiff. Because Plaintiff and Owen were never married, Family Court had no subject matter jurisdiction over custody of A.R.W. Because Plaintiff was already in the court system for refusing to confirm to their COVID-masking beliefs, the Family Court judge, Keenan, was eager to cede custody of A.R.W. to Owen, despite having no jurisdiction to do so. In an ex parte hearing, Keenan issued a restraining order against Plaintiff which exceeded the statutory one-year maximum limit by about **four years**.

Plaintiff sued Owen, who has admitted in open Court to being a professional prostitute, Owen's girlfriend Lerman, and Owen's attorney, Cliber, for abuse of process (KCSC 22-2-15958-8 SEA). In  KCSC 22-2-15958-8 SEA. Presiding King County Superior Court Judge Mashall Ferguson engaged in ex parte communications with the defendants' attorneys, advising the defense to file for an Order Restricting Abusive Litigation ("ORAL"). Under RCW 26.51.030, ORAL may be granted to intimate partners **and** one party has been found by the court to have committed domestic violence against the other party. Despite Plaintiff never having been found by a court to have committed domestic violence against anyone, Ferguson proceeded to not only grant ORAL in favor of Owen but extended the ORAL restrictions to encompass Owen's attorneys - none of whom Plaintiff has ever been intimate with.

---

[2] https://labeling.pfizer.com/ShowLabeling.aspx?id=16072&format=pdf

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

Seattle and King County officials took advantage of Plaintiff's deteriorated family relations by helping Owen, a self-admitted professional prostitute (prostitution is a crime under RCW 9A.88.030), to hold A.R.W hostage from Plaintiff.

## II. ARGUMENT AND AUTHORITY

### 1. Habeas and Petitions for Injunctive Relief

KCSC 22-2-11112-7 SEA, Western District of Washington 2:22-cv-01281-LK, Washington State Supreme Court 101964-5 and WDWA 2:23-cv-00751-RAJ all involve petitions for habeas or injunctive relief to enjoin Seattle and other defendants from their malicious prosecution of Plaintiff.

### 2. Seattle has no cognizable interest in Plaintiff's lawsuits against Owen

King County Sup. Ct. 22-2-02932-3 SEA, KCSC 22-2-03826-8 SEA (consolidated with 22-2-15745-3 SEA), KCSC 22-2-15745-3 SEA (consolidated with 22-2-03826-8 SEA), KCSC 22-2-15958-8 SEA involve Plaintiff's legal disputes with Owen and other defendants who are not part of Seattle. Despite Seattle having taken an interest in Plaintiff's familial disputes in order to use Plaintiff's deteriorated family relationship to persecute Plaintiff for his minority beliefs, Seattle has no cognizable interest in the outcome of these suits. It is clear that Seattle has cited these lawsuits in order to harass Plaintiff, and to prejudice this Court into granting a vexatious litigant order against Plaintiff.

### 3. Seattle has no cognizable interest in Plaintiff's lawsuits against non-Seattle officials/employees

2:24-cv-382-JNW involves Plaintiff suing King County Judge Keenan for denying Plaintiff his First Amendment right. Here again, Seattle has no cognizable interest in the outcome of this suit but includes this case in its motion by fashioning the case as "vexatious

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

4

litigation", again in order to try to prejudice this Court. Seattle goes a step further, by misrepresenting the fact that Plaintiff's motion for in forma pauperis was denied. While the motion was denied by Magistrate Peterson, Judge Whitehead declined to adopt Magistrate Peterson's recommended denial and **granted** Plaintiff's in forma pauperis ("IFP") motion. By granting Plaintiff's IFP, the Court tacitly agrees that Plaintiff's lawsuit has "arguable substance in law or fact". *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368 (9th Cir. 1987)

Pursuant to FRCP 4(b), the Court clerk is **required** to issue properly completed court summons "to the plaintiff for service on the defendant." 2:24-cv-808-LK involves Plaintiff suing Federal Judge Whitehead for denying Plaintiff his right to redress of grievances by administratively instructing the Court clerk to not issue Plaintiff the properly-completed Court summons, which will allow Plaintiff to serve his Complaint to the defendants. Here again, Seattle has no cognizable interest in the outcome of this suit but includes this case to prejudice the Court.

4. **2:22-cv-01281-LK and 2:23-cv-01392-JNW**

Finally, Seattle cites this case, 2:23-cv-01392-JNW, where Plaintiff has named Seattle as one of the defendants, and the denials to the temporary restraining order ("TRO") motions which Plaintiff filed, as well as the 9th Cir. affirmation of the TRO denials as the main basis for its vexatious litigant order motion. The Court granted Plaintiff's IFP (Dkt. 8) motion, thus establishing a prima facie ruling that Plaintiff's lawsuit is not frivolous.

In 2:22-cv-01281-LK, Judge King dismissed the case without prejudice when, because of other personal pressing matters, Plaintiff failed to file an amended Complaint to cure the deficiencies by the Court's stipulated deadline. The fact that the Court granted Plaintiff leave to amend shows that the Complaint was neither frivolous nor futile.

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

5

### 5. In Dkt. 250 and 258, Seattle continues its harassment campaign against Plaintiff

Seattle continues its campaign of harassment and religious persecution of Plaintiff in its vexatious litigant order motion (Dkt 250) and its late "supplement" (Dkt 258). Seattle cites no authority, nor has Plaintiff found any, allowing Seattle to file motions for a vexatious litigant order into a closed case. Almost 3-months later, Seattle doubles down, adding a "supplement" to its motion which was filed almost three months prior.

Seattle admits that for an action to be frivolous, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). (Dkt 250 Pg 12). Seattle cites numerous cases for which Seattle has no cognizable interest in, then asserts that, "Plaintiff's claims lack any legal basis and, quite plainly, there is not an objective good-faith expectation of prevailing." (Dkt. 250 Pg 12). Notably, Seattle can cite no factual or legal basis for this assertion. In fact, Seattle can only cite **one** case: 24-952 where the District Court revoked Plaintiff's IFP status for appeal on the grounds that Plaintiff's appeal is frivolous and not taken in good faith. The 9th Circuit dismissed the appeal for lack of jurisdiction.

Lacking in evidence that Plaintiff's suits have been frivolous, Seattle instead turns to implying (without offering any factual basis for its assertions,) that Plaintiff has not been following this Court's orders or procedural rules, or that Plaintiff *must* accept a Court's invitation to amend his complaints. (Dkt 250 Pg 13). Plaintiff has the right to refile suit on a Complaint which has been dismissed without prejudice. Seattle's disagreement with whether or not Plaintiff is "improperly" suing a judge, or its disagreement with Plaintiff's

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

6

discretion on whether he chooses to file a new action or not, does not rise to the level of vexatious litigation.

Seattle goes on to assume "harm and distress" on Owen, to whom Seattle has no cognizable interest in, but which Seattle has clearly aligned itself with in order to persecute Plaintiff for his minority beliefs. It is clear that Seattle picks and chooses whom it wants to persecute by way of prosecuting trumped up charges, while conveniently ignoring the fact that Owen is a self-admitted professional prostitute.

Seattle makes further frivolous claims that Plaintiff has been "[f]iling baseless lawsuits against lawyers for litigating cases" (Dkt 250 Pg 13), yet can cite no ruling from the Courts to support its claims. In fact, Seattle's attorney, Dallas LePierre, **admits** in its conclusion (Dkt 250) that the **true** reason for its motion is based on LePierre's understanding that LePierre himself "will likely be defendants in Plaintiff's next action." (Dkt 250 Pg 15)

LePierre admits to filing the vexatious litigation motion in an attempt to prevent Plaintiff from *potentially* suing LePierre in the future. LePierre, acting as Seattle, now attempts to use Plaintiff's litigiousness in order to try to chill Plaintiff's First Amendment right to redress grievances. Unfortunately for LePierre and Seattle, "[l]itigiousness alone is not enough, either: " 'The plaintiff's claims must not only be numerous, but also be patently without merit.' " *Molski*, 500 F.3d at 1059 (quoting Moy, 906 F.2d at 470)." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). This is where Seattle's arguments fail - other than the District Court's revocation of **one** IFP for appeals, Seattle is unable to show any Court ruling that Plaintiff's claims have been without merit.

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

### 6. Seattle is unable to show a harassment pattern

As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings "show a pattern of harassment." *De Long*, 912 F.2d at 1148. However, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must "[i]nstead ... 'discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.' " *Id.* at 1148 n. 3 (quoting Powell, 851 F.2d at 431). *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014)

Here, Seattle is unable to make any argument as to why Plaintiff's litigiousness constitutes an intent to harass any defendant or the court. Instead, it relies, without any basis, on supposition and presumption that Plainitff's lawsuits have caused Owen "harm and distress". (Dkt 250 Pg 14)

### 7. Seattle attempts to get a Court order imposing unreasonable conditions in order to restrict Plaintiff's right to access the Courts

In an attempt to chill Plaintiff's First Amendment right to seek redress of his grievances, Seattle seeks an order from this Court to require that,

Plaintiff to do the following prior to commencing any new civil action in federal court:

1. Comply with any other vexatious litigant orders issued by any state or federal court that impose prefiling restrictions on Plaintiff;

2. Identify all past or pending case(s) initiated by Plaintiff against the same defendant(s), concisely state the past disposition or present posture of those cases, and succinctly describe why the proposed new action involves different factual allegations; and

3. Obtain advance leave from the forum court to file the new action if Plaintiff seeks relief from (i) any other civil proceeding to which Plaintiff is a party, (ii) COVID public health order(s), (iii) any judicial officer's decision(s), or (iv) any active bench warrant(s) issued by any court.

Given the number of past cases Plaintiff has been in, #2 imposes an undue

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

8

burden on both Plaintiff, as well as the court. #3 imposes on Plaintiff's potential rights to due process under the Washington Administrative Procedures Act or other relevant state or federal statutes.

In Seattle's supplemental motion (Dkt 258), Seattle filed a proposed order as a ruse to get the Court to impose further restrictions on Plaintiff, including but not limited to having to seek advance leave from the forum court to file the new action if Plaintiff seeks relief from (i) any other civil **or criminal proceeding** to which Plaintiff is a party. Such additional restrictions are not provided for within the Rules of Civil *or* Criminal Procedure. Pursuant to 28 U.S.C. §2072, only SCOTUS has the authority to prescribe rules of civil procedure for the district courts. The District Court does not have the authority to revise the rules.

In its supplemental motion (Dkt 258), Seattle presented a Proposed Order, adding to its original request for relief in Dkt 250. Here, Seattle requests that even after the Court has granted Plaintiff leave to proceed with future litigation (assuming a vexatious litigant order had been issued against Plaintiff), that before the Court issues the summons, Plaintiff must further "[c]ertify that he has complied with the above requirements, 2. Seek waiver of service, and 3. Utilize an approved process server if named defendants do not agree to waive service." (Dkt 258 Pg 3)

While Plaintiff has the option of requesting waiver of service under FRCP 4(d), Plaintiff is under no obligation to do so. Under FRCP 4(d)(3), Plaintiff has to give the defendant at least 30 days to return the service waiver and defendants who agree to service waiver are automatically granted 60 days as opposed to 21 days to answer the Complaint. Compelling Plaintiff to seek mandatory waiver of service, even after the Court has ruled

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

9

that Plaintiff's complaint has merit, imposes an undue delay of at least 71 days on litigation.

Seattle triples down, requesting the Court to issue an order requiring Plaintiff to utilize "approved" process servers. It is unclear which process servers are "approved", or who is authorized to "approve" such process servers, nor how much additional costs Plaintiff would be forced to incur for utilizing such "approved" process servers. Neither FRCP 4(e), nor Washington Rules of Civil Procedure require such "utilization" of these undefined "approved" process servers.

Seattle's legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law FRCP 11(b)(2); and is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation (FRCP 11(b)(1)).

## CONCLUSION

For the reasons stated, Plaintiff respectfully moves the Court to deny Seattle's motion for vexatious litigant order (Dkt 250).

RESPECTFULLY SUBMITTED,

*/s/ Kurt Benshoof*

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
**King County Correctional Facility – Seattle[3]**
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
East - Lower B - 9th Floor - Cell #6

---

[3] Subject to change without notice, mail delivery [send/receive] not guaranteed.
RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

Email: kurtbenshoof1@gmail.com
[no access to internet/email]

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[4]

Signature: /URVE MAGGITTI/
urve.maggitti@gmail.com

Date: October 5, 2024

---

[4] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[5]

Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)*.

Mr. Benshoof has been denied not only *meaningful opportunity* to present a *complete defense* in the malicious criminal prosecution and persecution brought against Mr. Benshoof, it is a FACT that Mr. Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.[6]

In 1975 in *Faretta v. California,* United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment \*813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel . . . .*' The right is currently codified in 28 U.S.C. s 1654."[7]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[8]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: **"right to have the Assistance of Counsel."**

Signature: _____   Date: October 5, 2024
/URVE MAGGITTI /  urve.maggitti@gmail.com

---

[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
[6] Mr. Benshoof was provided few photocopies of the incident reports, from the Seattle Police Department which responded to Jessica Owen's and Magalie Lerman's calls, and police reports of three visits to Mr. Benshoof's home.
[7] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[8] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

## CERTIFICATE OF SERVICE

Petitioner hereby certifies that the foregoing motion will be send to all counsel of record, and by email to the addresses listed below.

**Attorneys For Defendant**
**CITY OF SEATTLE:**
Dallas LePierre, WSBA #47391
Catherine Riedo, WSBA #50418
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Email: dallas.lepierre@seattle.gov
Phone: (206) 386-1041
Email: catherine.riedo@seattle.gov
Phone: (206) 684-8200

**Defendant AMY FRANKLIN-BIHARY:**
Amy Franklin-Bihary, *pro se* WSBA#35787
701 Fifth Avenue
Suite 4550
Seattle, WA 98104
Phone: (206) 624-4900
Email: afb@wechslerbecker.com

**Attorneys for Defendant**
**NATHAN CLIBER:**
Sarah N. Turner, WSBA #37748
Email: sturner@grsm.com
Michael C. Tracy, WSBA #51226
Email: mtracy@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5178

**Defendant Blair Russ:**
Blair M. Russ, WSBA #40374
1000 Second Avenue
Suite 3660

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

13

```
 1  Seattle, WA 98104
 2  Email: bmr@tbr-law.com
 3  Phone: (206) 621-1871
 4
 5  Attorneys for Defendants
 6  PUGET CONSUMERS CO-OP, Freya Brier,
 7  Zachary Cook:
 8  Darren A. Feider, WSBA #22430
 9  Email: dfeider@sbjlaw.com
10  Matthew Coughlan, WSBA #56583
11  Email: mcoughlan@sbjlaw.com
12  15375 SE 30th Place
13  Suite 310
14  Bellevue, WA 98007
15  Defendant Moshe Admon:
16  Moshe Y. Admon, WSBA #50325
17  300 Lenora Street
18  Suite 4008
19  Seattle, WA 98121
20  Email: jeff@admonlaw.com
21  Phone: (206) 739-8383
22
23  Attorneys for Defendants
24  BIG 5 and SPROUTS:
25  James Yand, WSBA #18730
26  Email: james.yand@millernash.com
27  James Johnson, WSBA #45750
28  Email: james.johnson@millernash.com
29  605 Fifth Avenue S, Suite 900
30  Seattle, WA 98104
31  Phone: (206) 624-8300
32
33  Attorney for Defendants
34  David Keenan, KING COUNTY:
35  Peggy Wu, WSBA #35941
    Email: pwu@kingcounty.gov
```

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

14

Phone: (206) 477-1120
701 Fifth Avenue, Suite 600
Seattle, WA 98104

**Defendant Magalie Lerman:**
Magalie E. Lerman
849 NE 130th Street
Seattle, WA 98125
Email: magalie.lerman@gmail.com
Phone: (303) 500-9723

**Attorney for Defendant**
**Seattle Public Schools:**
Sarah S. Mack, WSBA #32853
1191 Second Avenue, Suite 2000
Seattle, WA 98101
Phone: (206) 245-1700
Email: sarah.mack@pacificalawgroup.com

**Attorneys for Defendant**
**CENTRAL COOP:**
Darren A. Feider, WSBA #22430
Email: dfeider@sbj.law
Matthew Coughlan, WSBA #56583
Email: mcoughlan@sbj.law
15375 SE 30th Place
Suite 310
Bellevue, WA 98007

**Defendant Jessica Owen:**
Jessica R. Owen
849 NE 130th Street
Seattle, WA 98125
Email: ms.jadelicious@gmail.com
Phone: (206) 427-6170

RESPONSE TO MOTION TO SUPPLEMENT TO CITY OF SEATTLE'S MOTION
FOR A VEXATIOUS LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW

KURT BENSKOF
500 FIFTH AVENUE
Suite 6
Seattle, WA 98104

FILED ___ LODGED ___ RECEIVED ___ MAIL
OCT 08 2024
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

U.S. DISTRICT COURT
CLERK'S OFFICE
700 Stewart Street
Suite 2310
Seattle, WA 98101

Case # 2:23-cv-01392-JNW