UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF and BRIANA D. GAGE,<br><br>     Plaintiffs,<br><br> v.<br><br>MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, AMY FRANKLIN-BIHARY, WILLIE GREGORY, OWEN HERMSEN, DAVID KEENAN, GABRIEL LADD, MAGALIE LERMAN, MARY LYNCH, KATRINA OUTLAND, JESSICA OWEN, BLAIR RUSS, SPROUTS FARMERS MARKET, KING COUNTY, SEATTLE PUBLIC SCHOOLS, BIG 5 SPORTING GOODS, CENTRAL COOP, PUGET CONSUMERS CO-OP, FAYE CHESS, ANN DAVIDSON, ADAM EISENBERG, MATTHEW LENTZ, JEROME ROACHE, SOHEILA SARRAFAN, DAVID SULLIVAN, and JORDAN WALLACE,<br><br>     Defendants. | CASE NO. 2:23-cv-1392<br><br>ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT |

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 1

## 1. INTRODUCTION

This matter comes before the Court on Defendants' motions to declare Plaintiff Kurt Benshoof a vexatious litigant. Dkt. Nos. 250, 258. Benshoof opposes the motions and moves to stay the proceedings. Dkt. No. 257, 261. Because Benshoof fails to show a need for the requested stay and because Defendants have established that Benshoof uses abusive litigation tactics, the Court DENIES Benshoof's motion to stay and ENTERS a vexatious litigant order against him as set forth below.

## 2. BACKGROUND[1]

Over the last three years, Benshoof has filed ten cases in this district.[2] Eight of the ten cases have been dismissed. In each case, Benshoof proceeded pro se. Below, the Court briefly recounts each of the cases.

### 2.1   *Benshoof et al. v. Fauci et al.*, Case No. 2:22-cv-1281-LK.

On September 9, 2022, Benshoof filed a 295-page complaint and petition for an "emergency injunction." Dkt. No. 1. Benshoof sued nearly 70 defendants, including numerous employees of the City of Seattle, King County, Washington State, and the federal government, alleging constitutional violations arising from

---

[1] Within each subsection below, the record citations correspond to the docket of the case under discussion therein.

[2] Benshoof also moved twice for leave to file an amicus brief in *United States v. City of Seattle*, Case No. 2:12-cv-1282-JLR, in which the Honorable James L. Robart monitors the City of Seattle Police Department's compliance with its consent decree with the United States Department of Justice. Judge Robart denied Benshoof's motions both times.

his state-court family law proceedings. *Id*. Benshoof also objected to various COVID-19 policies involving indoor-masking requirements and vaccines. *Id*.

The Honorable Lauren King, United States District Judge, denied Benshoof's request for emergency injunctive relief. Dkt. No. 5. Judge King also found Benshoof's complaint deficient because it failed to comply with Federal Rule of Civil Procedure 8. Judge King granted Benshoof an opportunity to file an amended complaint within 30 days. *Id*. Because Benshoof failed to file an amended complaint by the deadline, Judge King dismissed his case without prejudice on October 31, 2022. Dkt. Nos. 7, 8.

**2.2** *Benshoof v. Keenan et al.***, Case No. 2:23-cv-751-RAJ.**

On May 22, 2023, Benshoof filed a case styled as a habeas petition challenging the state's child-custody determination. Dkt. No. 1. A couple of weeks later, on June 8, 2023, Benshoof moved for a temporary restraining order (TRO). Dkt. No. 15. On June 12, 2023, the Honorable Richard Jones, United States District Judge, denied Benshoof's TRO motion and dismissed the petition with prejudice, holding that the federal court lacked jurisdiction to relitigate Benshoof's interest in his parental rights. Dkt. No. 22.

Benshoof appealed. Dkt. No. 24. The Ninth Circuit ordered him to show cause why summary affirmance of the district court's judgment was not appropriate. Dkt. No. 26. Benshoof failed to respond, and the Ninth Circuit summarily affirmed the dismissal order finding "the questions raised in [Benshoof's] appeal so insubstantial as not to require further argument." Dkt. No. 27.

### 2.3 This lawsuit.

On September 7, 2023, Benshoof moved to proceed *in forma pauperis* (IFP) and filed a proposed complaint. Dkt. No. 1. On his IFP application, Benshoof stated he received no money from any source for the last year even though his monthly expenses totaled over $1,000. *Id.* The Honorable Michelle L. Peterson, United States Magistrate Judge, ordered Benshoof to show cause why his IFP application should be granted considering the contradictions listed in his paperwork. Dkt. No. 4. Benshoof responded that he pays for monthly expenses through "personal lifetime savings" and Judge Peterson granted Benshoof's application to proceed IFP on September 19, 2023. Dkt. No. 8.

Benshoof's complaint in this lawsuit mirrors his claims in his prior case before Judge King, *Benshoof et al. v. Fauci et al.*, Case No. 2:22-cv-1281-LK. It spanned 280 pages, named over 42 defendants (many overlapping with those in the *Fauci* matter), and asserted nearly 40 causes of action covering family law issues, conspiracy theories, and COVID-19 masking policies at local stores. Dkt. No. 9. Benshoof also filed 2,034 pages of stand-alone exhibits. Dkt. No. 13. On September 27 and September 29, 2023, Benshoof filed two "emergency" motions for preliminary injunctions. Dkt. Nos. 14, 15. Benshoof then moved for three TROs on successive days between October 2–4, 2023. Dkt. Nos. 16, 20, 23. The Court denied all three motions, finding that Benshoof failed to establish that he was likely to succeed on the merits of any of his motions. Dkt. No. 29.

On October 31, 2023, the Court denied Benshoof's motions for injunctive relief as barred under the *Younger* abstention doctrine. The Court also identified

several deficiencies, including that it lacked jurisdiction over Benshoof's claim for declaratory judgment, his Section 1983 claims against private persons and immune parties failed as a matter of law, and his complaint violated Federal Rule of Civil Procedure 8(a). Dkt. No. 38 at 6–13. Accordingly, the Court ordered Benshoof to file an amended complaint. *Id.* at 16.

Benshoof's amended complaint failed to cure any of the deficiencies raised by this Court. His amended complaint was similarly sprawling in scope—spanning 184 pages, naming over 30 defendants, and asserting nearly 40 causes of action, raising the same family law issues, constitutional allegations, and conspiracy theories. Dkt. No. 245 at 1.

On June 28, 2024, after reviewing Defendants' motions to dismiss and conducting an independent review under 28 U.S.C. § 1915(e)(2)(i)–(iii), the Court dismissed Benshoof's first amended complaint with prejudice because he failed to state a claim upon which relief could be granted. *Id.* at 45–46. Specifically, the Court found that Benshoof's "long-winded filings" failed "to allege cognizable legal theories or factual assertions that show[ed] a facially plausible claim for relief." *Id.* at 2. The Court also denied Benshoof's fourth, fifth, and sixth TRO motions. Dkt. Nos. 92, 244.

**2.4**   *Benshoof et al. v. City of Shoreline et al.*, **Case No. 2:24-cv-343-TL.**

On March 11, 2024, Benshoof again moved for leave to proceed IFP and filed a proposed complaint involving grocery store masking policies during the COVID-19 pandemic. Dkt. No. 1. On April 2, 2024, the Honorable S. Kate Vaughan, United

States Magistrate Judge, found Benshoof's IFP application deficient because he indicated no income but listed monthly expenses of $1,630. Dkt. No. 8. Benshoof responded but failed to address this disparity, so Judge Vaughan again ordered him to show cause why his IFP application should be granted. Dkt. No. 11. Benshoof responded claiming to pay for his monthly expenses with credit cards and by "barter[ing] with members of his church[.]" Dkt. No. 12. Ultimately, Judge Vaughan granted Benshoof IFP status, and allowed his case to proceed. Dkt. No. 13.

On December 20, 2024, the Honorable Tana Lin, United States District Judge, granted the defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(c). Judge Lin dismissed Benshoof's complaint with leave to amend. Dkt. No. 85. On January 19, 2025, Benshoof filed an amended complaint, and in response, the defendants again moved to dismiss. Dkt. Nos. 93, 94. The motions to dismiss will be ripe for consideration in early March 2025.

**2.5** *Benshoof v. Keenan*, **Case No. 2:24-cv-382-JNW.**

On March 15, 2024—four days after Benshoof filed his proposed complaint in *Benshoof et al. v. City of Shoreline et al.*, Case No. 2:24-cv-343-TL—Benshoof applied for IFP status to proceed with another proposed complaint. Dkt. No. 1. After two orders to show cause, Benshoof still glossed over the discrepancy between his total lack of income and monthly expenses. Dkt. No. 14. Judge Peterson recommended that this Court deny Benshoof's IFP status, and Benshoof objected, claiming that he pays his monthly expenses with credit cards and through bartering

with members of his church. Dkt. Nos. 14, 15. The Court granted Benshoof IFP on July 30, 2024. Dkt. No. 19.

In his complaint, Benshoof alleged that King County Superior Court Judge David Keenan facilitated perjury in the parentage action between him and the mother of his child. Dkt. No. 20. Benshoof made a series of social media posts on Judge Keenan's public Twitter and Facebook pages about the case. Dkt. No. 44 at 1–2. In response, Judge Keenan blocked Benshoof from his social media accounts for engaging in ex parte communications with the court. *Id.* On January 9, 2025, this Court dismissed Benshoof's case with prejudice based on judicial immunity. *Id.*

**2.6** *Benshoof v. Ferguson et al.*, **Case No. 2:24-cv-808-JHC.**

On June 7, 2024, preceding pro se but not IFP, Benshoof sued King County Superior Court Judge Marshall Ferguson, as well as several attorneys who have represented parties opposite Benshoof in prior suits—Blair Russ, Jessica Skelton, Michael Tracy, and Sarah Turner. Dkt. No. 1. Benshoof also named the undersigned, Judge Jamal Whitehead, and an unnamed clerk for this Court. *Id.* In his 91-page complaint, Benshoof alleged the defendants committed witness tampering and suborned perjury. *Id.* at 39–65. He also alleged this Court failed to adjudicate his TRO motions in *Benshoof v. Admon*, Case No. 2:23-cv-1392-JNW. *Id.* at 62–65.

On August 9, 2024, the Honorable John H. Chun, United States District Judge, granted Defendant Skelton's motion to dismiss, dismissed Benshoof's claims against Skelton without prejudice, and granted Benshoof leave to amend his

complaint with respect to the claims against Skelton. Dkt. No. 40. On November 14, 2024, Judge Chun granted Defendant Judge Ferguson's motion to dismiss and dismissed all claims against Judge Ferguson with prejuidce based on judicial immunity. Dkt. No. 51. Benshoof moved for leave to amend his complaint, which Judge Chun denied. Dkt. Nos. 57, 61. Judge Chun then dismissed with prejuidce all claims against Skelton because Benshoof failed to file a proposed amended complaint as required by Local Civil Rule 15(a). *Id.* On July 10, 2025, Benshoof again moved for leave to file an amended complaint. The motion remains pending. Dkt. No. 63.

### 2.7  *In re: Kurt Benshoof*, Case No. 2:24-mc-43-JNW.

On July 14, 2024, Benjamin Blanchard filed a proposed habeas petition on behalf of Kurt Benshoof. Dkt. No. 1. Because Blanchard did not establish any kind of significant relationship with Benshoof, as required of a proper "next friend" who can pursue a habeas petition on behalf of a detained person, this Court dismissed his petition and closed the case on August 30, 2024. Dkt. No. 10.

### 2.8  *Benshoof v. Warden*, Case No. 2:24-cv-1110-JNW.

Three days after Blanchard's filing, on July 17, 2024, Benshoof petitioned for habeas corpus under 28 U.S.C. § 2241, challenging his pretrial detention at King County Correctional Facility in Seattle, Washington. Dkt. No. 12. Judge Vaughan recommended that this Court dismiss Benshoof's petition based on two procedural deficiencies: (1) "the claims asserted in [Benshoof's habeas] petition lack sufficient clarity and factual support for the Court to conclude that *Younger* abstention is

. . . inappropriate in the circumstances of this case[;]" and (2) Benshoof "does not show that he presented any of his federal habeas claims to the Washington state trial and appellate courts in his ongoing criminal proceedings, and he offers no explanation as to why exhaustion should not be required[.]" Dkt. No. 22 at 9–10. Accordingly, on January 17, 2025, this Court dismissed Benshoof's petition on procedural grounds as barred by the doctrine of *Younger* abstention and because Benshoof failed to exhaust state court remedies. Dkt. No. 28. Benshoof appealed even though this Court denied a certificate of appealability. Dkt. Nos. 32, 33.

**2.9**    *City of Seattle v. Benshoof*, **Case No. 2:24-mc-57-JNW.**

On September 9, 2024, Benshoof tried to remove his criminal cases from state court to this Court. Dkt. No. 1. Because Benshoof failed to pay the filing fee or move for leave to proceed IFP, this Court dismissed his case on January 8, 2025. Dkt. Nos. 4, 5.

**2.10**    *State of Washington v. Benshoof*, **Case No. 2:24-mc-60-JNW.**

On September 24, 2024, Benshoof again attempted to remove his Seattle Municipal Court criminal cases to this Court under 28 U.S.C. § 1443. Dkt. No. 1. This Court found that Benshoof met none of the requirements for removal to federal court; thus, Benshoof's proposed removal was defective. Dkt. No. 16. This Court terminated the case for lack of jurisdiction, *id.* at Dkt. No. 16, and Benshoof appealed to the Ninth Circuit, *id.* at Dkt. No. 17.

## 3. DISCUSSION[3]

### 3.1 Staying the proceedings is unwarranted.

To begin, Benshoof moves to stay this Court's decision on Defendants' motion for a vexatious litigant order until he is released from King County Jail. Dkt. No. 257. A stay is unwarranted.

A district court has discretion to stay proceedings in its own court. *Sullivan v. Aurich*, No. C21-5433-TL-SKV, 2022 WL 2111113, at *1 (W.D. Wash. May 9, 2022) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In exercising this discretion, the court weighs competing interests, including "(1) the damage that might result from granting a stay; (2) the hardship a party may suffer in being required to move forward; and (3) whether a stay would promote the orderly course of justice by the simplification or complication of the issues." *Germack v. Dentists Ins. Co.*, No. C20-0661-JCC, 2020 WL 6505020, at *1 (W.D. Wash. July 7, 2020) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

That a party is incarcerated does not always support staying a case. *See Fader v. Berrada*, No. C21-5264 TSZ-TLF, 2021 WL 5967949, at *1 (W.D. Wash. Nov. 24, 2021), *report and recommendation adopted in part*, No. C21-5264 TSZ, 2021 WL 5937687 (W.D. Wash. Dec. 16, 2021) ("The interests of justice and equity do not support staying this action" while the plaintiff was incarcerated because "[t]here is no indication that plaintiff's access to the Court is currently restricted or

---

[3] Within each subsection that follows, the record citations correspond to the docket in this case.

that plaintiff is unable to litigate this action pro se."). Benshoof has submitted multiple filings since his arrest, showing that he has access to the Court. Dkt. Nos. 261, 263. He also filed a notice registering to electronically file and receive electronic service. Dkt. No. 262. Therefore, Benshoof's actions contradict his claims, and the Court finds no reason supported in the record to stay its decision.

The Court thus DENIES Benshoof's motion to stay. Dkt. No. 257.

**3.2    Legal standard for a bar order.**

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although, such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The first two factors are procedural, while the "latter two factors . . . are substantive considerations . . .

[that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

### 3.3 Benshoof is a vexatious litigant.

#### 3.3.1 Notice and opportunity to be heard.

The first factor the Court must consider is whether the litigant accused of vexatious behavior has been given fair notice of the possibility that they might be declared a vexatious litigant. *De Long*, 912 F.2d at 1147. And an opportunity to oppose the order before it is entered. *Molski*, 500 F.3d at 1058. The court need not hold an in-person hearing for this factor to be met. *See Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.").

This factor is met, as Benshoof had an opportunity to—and did in fact—oppose Defendants' motion for a vexatious litigant order.

#### 3.3.2 Adequate record for review.

The second factor considers whether the district court has created an adequate record for review, including a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at 1147 (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)).

At a minimum, the record should show that the litigant's activities are numerous or abusive. *Id.*

The Court has listed and discussed all the actions (ten, total) that Benshoof has filed in this district in the past three years alone. A review of them reveals that eight out of the ten cases have been dismissed either for lack of jurisdiction or failure to state a claim.

### 3.3.3   Frivolous or harassing filings.

The third factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Benshoof stands out as a particularly difficult litigant, not only because of his prolific filings but also because of his abusive litigation tactics. For example, in this case, Benshoof sought six meritless motions for temporary restraining orders, as well as duplicative "emergency" motions for preliminary injunctions. *See* Dkt. Nos. 14, 15, 16, 20, 23, 129, 158. Because they were filed as TROs, the Court, at least initially, handled them on an expedited basis, as required by the civil rules until it become clear that these were meritless filings. Handling motions for expedited relief, even those lacking in substance, is a considerable drain on the Court's resources.

Benshoof also has a history of repeatedly suing the same people or entities—essentially, using multiple cases to harass them. In this Court alone, Benshoof has sued his former romantic partner, Jessica Owen, four times and Owen's current partner, Magalie Lerman, three times. He also routinely sues the judges presiding over his cases, if displeased by the outcome of a case or ruling. Perhaps the best example is Benshoof's suits against King County Superior Court Judge David Keenan. After Judge Keenan presided over a parentage action between Benshoof and Owen, Benshoof has sued Judge Keenan *four* times in this district. Similarly, he often sues any lawyer on the opposing side of his cases; most notably, Benshoof sued Owen's counsel, Blair Russ and Nathan Cliber. Finally, Benshoof uses service of process to harass his named defendants by refusing to accept waivers of service and, instead, utilizing their home addresses. From this, the Court finds that Benshoof is not acting in good faith.

This is not the first court to find Benshoof vexatious. On March 31, 2023, King County Superior Court Judge Marshall Ferguson determined that Benshoof is a vexations litigant based on his "pattern of abusive litigation and weaponization of the [King County Superior Court] system[.]" Dkt. No. 13-2 at 111–117; *see also Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. Feb. 17, 2023), Dkt. No. 177. Judge Ferguson imposed certain filing restrictions on Benshoof, including requiring him to move for leave to proceed with any future action filed against Cliber, Owen, Lerman, and Owen's friend Owen Hermsen, and to submit a copy of the abusive litigant order with any complaint. *Id.* On March 1, 2024, Judge

Ferguson entered a Contempt Order for violating the filing restrictions, in part based on his filings in federal court. Dkt. No. 129-3.

Finally, other sanctions, such as monetary fines, would be too punitive and not dissuade Benshoof from continued filings given that his IFP requests have shown that he has limited financial resources.

So the Court concludes that Benshoof is a vexatious litigant and that a bar order is the most reasonable course here.

### 3.3.4    Narrowly tailored.

The fourth and final factor considers whether the pre-filing order to be entered is narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g.*, *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained).

The specific vice the Court seeks to address are Benshoof's serial, and sometimes contemporaneous, filings of lawsuits addressing the same topics and against the same defendants. Benshoof has brought multiple lawsuits that have been dismissed for lack of jurisdiction or failure to state a claim. He has used these lawsuits to harass the defendants through repeated actions and abusive tactics like frivolous motions for temporary restraining orders.

To remedy or prevent similar conduct in the future by Benshoof, Defendants request that the Court require him to comply with Judge Ferguson's vexatious litigant order: Benshoof must obtain advance leave from the forum court if he seeks relief from (1) any other civil or criminal proceeding to which he is a party; (2) COVID public health orders; (3) any judicial officer's decision; or (4) any active bench warrants issued by any court. Dkt. No. 250 at 14; *see also* Dkt. No. 13-2 at 111–117 (Order Restricting Abusive Litigation of Kurt Benshoof, signed by Judge Ferguson on March 31, 2023). Defendants also ask that the Court make Benshoof certify that he has complied with these requirements, identify all past or pending cases initiated against the same defendants, concisely state the past disposition or present posture of those cases, and succinctly describe why the proposed new action involves different factual allegations; and demonstrate that the new filing is not frivolous or in bad faith. Dkt. No. 250 at 14. Finally, Defendants ask that the Court order Benshoof to accept waivers of service or utilize professional process servers in any action found meritorious. Dkt. No. 258 at 1–2.

The Court finds these terms generally agreeable but unlikely to cure one of Benshoof's most disruptive tactics—the length of his filings. Further, Judge Ferguson's order cannot constrain Benshoof in a federal forum and there is no need for this Court to address or reimpose the terms of Judge Ferguson's when it comes to Benshoof's state court filings. Lastly, the Court will not impose restrictions on how Benshoof accomplishes service of process beyond the applicable civil and local rules. Because the Court imposes prefiling restrictions, this will prevent Benshoof for using service of process as a harassing technique.

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 16

Accordingly, the Court refines the proposed terms and imposes the following pre-filing order:

- Benshoof is prohibited from filing any pro se civil action in the Western District of Washington without leave from the Court. To obtain leave from the Court, Benshoof must submit a declaration signed under the penalty of perjury that identifies all past or pending cases initiated against the same defendant(s), concisely states the past disposition or present posture of those cases, succinctly describe why the proposed new action involves different factual allegations, and demonstrate that the new filing is not frivolous or in bad faith. This declaration may not exceed ten pages of typed material.
- The Court will deny leave to proceed with a civil action upon finding that it suffers from the defects outlined above, or that it is otherwise without merit, without issuing an order to show cause.
- The Clerk will initially file all Benshoof's future pro se complaints and motions for in forma pauperis status in a miscellaneous case number specifically designated for this purpose pending the Court's review of each such complaint and motion.
- The Clerk will not issue summons in any pro se action of Benshoof's without approval of the Court.
- This pre-filing screening will not apply to any filing made in this district where Benshoof is represented by counsel. Any such complaint accompanied by a filing fee may receive a civil case number.

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 17

## 4. CONCLUSION

In sum, Defendants' motion to declare Plaintiff Kurt Benshoof a vexatious litigant is GRANTED in part and Plaintiff's motion to stay is DENIED.

Dated this 11th day of February, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 18