UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF, et al.,

　　　　　　Plaintiffs,

　　v.

MOSHE ADMON, et al.

　　　　　　Defendants.

CASE NO. 2:23-cv-1392

ORDER DENYING MOTION TO VACATE

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiff Kurt Benshoof's amended motion for relief from the Court's order declaring him a vexatious litigant. Dkt. No. 268. On February 11, 2025, the Court entered an order declaring Kurt Benshoof a vexatious litigant. Dkt. No. 264. The Court found the pre-filing restriction necessary to curb Benshoof's "serial, and sometimes contemporaneous, filings of lawsuits addressing the same topics and against the same defendants" and stop him from "us[ing] these lawsuits to harass the defendants through repeated actions and abusive tactics like frivolous motions for temporary restraining orders." *Id.* at 15.

ORDER DENYING MOTION TO VACATE - 1

Nearly a year later, on February 10, 2026, Benshoof moved to vacate the vexatious-litigant order under Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(b)(6). Dkt. No. 268. For the reasons below, the Court DENIES Benshoof's motion.

## 2.  DISCUSSION

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of fraud, . . . misrepresentation, or other misconduct of an adverse party." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.* "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (citation omitted). Rule 60(b) provides narrow grounds for relief from specified defects in a judgment. It is not a vehicle to relitigate the merits or to raise arguments that should have been pressed on direct appeal. *See Plotkin v. Pac. Tel. & Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982).

Much of Benshoof's motion—his disagreement with the Court's characterization of his prior cases, his challenge to the breadth of the pre-filing order, and his constitutional objections to vexatious-litigant regimes generally— consists of arguments that, if preserved at all, belong on direct appeal. The Court addresses below only the points on which Benshoof has invoked a cognizable basis for Rule 60(b) relief.

ORDER DENYING MOTION TO VACATE - 2

**2.1    Benshoof does not identify fraud, misrepresentation, or misconduct.**

Benshoof raises two points of alleged fraud or misrepresentation, neither of which satisfy Rule 60(b)(3). First, Benshoof challenges Defendants' statement that "[Benshoof] and his agents repeatedly visited the homes of the named defendants in order to serve them." Dkt. No. 268 at 7. He attests that "he never visited the homes of any defendants for the purposes of serving any lawsuit." *Id.* That clarification is beside the point—the fact that Benshoof's agents, rather than Benshoof himself, served Defendants at their homes is just as invasive, and Benshoof's personal involvement was never the problem. Instead, the Court found "Benshoof uses service of process to harass his named defendants by refusing to accept waivers of service and, instead, utilizing their home addresses." Dkt. No. 264 at 14. Moreover, this was one of several examples of Benshoof acting in bad faith, including "using multiple cases to harass [his former romantic partner]," suing judges who have ruled against him, repeatedly suing opposing counsel, and seeking meritless temporary restraining orders and duplicative emergency motions to force the Court to handle his filings on an expedited basis. *Id.* at 13–14.

Second, Benshoof argues that the Court's summary of his prior cases is "a misleading narrative" that improperly relies on cases filed "after Defendants filed their motion seeking a vexatious-litigant designation[.]" Dkt. No. 268 at 9. Benshoof argues the Court "mischaracterizes the record," but this argument fails on its own terms, as Benshoof concedes that "individual sentences may be literally accurate when read in isolation." *Id.* at 10.

ORDER DENYING MOTION TO VACATE - 3

Benshoof's objection to the Court's narrative is insufficient—he identifies no inaccuracies on which the Court relied and no fraud by Defendants. Benshoof disagrees that his history of filings qualifies as "vexatious" given that "none [of his cases] involved findings of frivolousness, harassment, or abuse[.]" Dkt. No. 268 at 8–9. Benshoof selectively ignores aspects of the Court's analysis; in particular, its finding that "Benshoof stands out as a particularly difficult litigant, not only because of his prolific filings but also because of his abusive litigation tactics[,]" including his history of suing the same Defendants, repeatedly suing judges who've ruled against him, refusing to accept waivers of service, and filing numerous and duplicative "emergency" motions. The record leading to a vexatious-litigant order should show that the litigant's activities are numerous or abusive. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Here, it shows both.

## 2.2    The Court acted in a manner consistent with due process of law.

"A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

Benshoof concedes jurisdiction. He argues instead that the vexatious-litigant order violates due process because the Court entered it "without affording [Benshoof] a realistic ability to oppose the motion or seek timely review" given his incarceration and lack of access to legal materials. Dkt. No. 268 at 4–5.

ORDER DENYING MOTION TO VACATE - 4

But this argument does not reflect the record—Benshoof did in fact oppose Defendants' motion for a vexatious-litigant order by filing a brief, which the Court considered before ruling. *See* Dkt. No. 257. *See also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements."). The proceedings leading to the vexatious-litigant order afforded Benshoof due process, including adequate notice and an opportunity to be heard, which he exercised. The order is not void under Rule 60(b)(4).

## 2.3    Relief under Rule 60(b)(6) is not warranted.

The Ninth Circuit instructs that Rule 60(b)(6) "should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 370 (9th Cir. 2020) (quotation marks and citations omitted); *see also Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019). "Judgments are not often set aside under Rule 60(b)(6)," and the moving party "must demonstrate both injury and circumstances beyond [their] control that prevented [them] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (cleaned up).

Benshoof argues "the extraordinary circumstance is the ongoing enforcement of a forward-looking vexatious-litigant regime grounded in an aggregated portrayal

ORDER DENYING MOTION TO VACATE - 5

of lawful procedural outcomes, jurisdictional and abstention dismissals, pending matters, and even unauthorized third-party filings, treated as if they collectively demonstrated abusive litigation conduct." Dkt. No. 268 at 12. Again, the root of Benshoof's argument is that he disagrees with the Court's conclusion that his case history qualifies him as a vexatious litigant. Benshoof does not identify manifest injustice warranting an extraordinary remedy under Rule 60(b)(6).

### 3. CONCLUSION

In sum, the Court DENIES Benshoof's amended motion to vacate, Dkt. No. 268. Because Dkt. No. 268 amended and superseded Benshoof's earlier motion to vacate at Dkt. No. 267, the Court DENIES AS MOOT Dkt. No. 267. The Court directs the Clerk to terminate the motion at Dkt. No. 269 as this is a proposed order connected with the denied motion to vacate.

Dated this 22nd day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO VACATE - 6